LARSEN, Appellant, v. JOHNSON, Respondent.

(178 N. W. 876.)

(File No. 4655.   Opinion filed July 30, 1920.)

1. **Malicious Prosecution—Advice of Counsel, Reliance On, Full Statement—Prosecution Advised By State's Attorney, Defences Of—Granting New Trial, Refusal to Direct Verdict, Error Under Evidence.**

In a suit for damages for malicious prosecution, trial court granted new trial on defendant's motion, on grounds (1) of error in not granting defendant's motion for directed verdict, evidence showing she made full and fair statement to an attorney who advised prosecution, and (2) that prosecution was at state's attorney's instance after personal investigation. **Held,** such ruling was error; following the rule stated in Jackson v. Bell, 5 S. D. 257, that when one communicates to counsel all facts bearing on guilt of accused of which he has knowledge, etc., and in good faith acts on his advice in prosecuting, he is not responsible for malicious prosecution.

2. **Same—Whether All Facts Communicated, and Party Acted On Advice, Questions of Fact For Jury—Whether State's Attorney Acted On Personal Investigation, Same Rule.**

Whether a party communicated to counsel all facts bearing on guilt of accused known to him; whether accuser in good faith acted on advice of counsel; and whether state's attorney based prosecution on personal investigation or on statements of accuser, are questions of fact to be determined from evidence.

3. **Trials—Granting New, For Attorneys' Misconduct, Bitter Disputes Between, Diverting Jury's Attention, Boisterous Demonstrations—No Error.**

Where record showed many bitter and offensive disputes between opposing counsel during trial, tending to divert jury's attention from issues, demonstrations of approval or disapproval by large audience occurring, which had or might have had im-

proper influence, etc., granting new trial therefor was not abuse of discretion.

4. **Same—Offensive Disputes Between Counsel, Audience's Demonstrations, Duty of Court to Suppress—Court's Power, Duty—Withdrawal of Foreign Attorney's Permission to Appear, as Corrective, Clearing of Courtroom—Protecting Attorney From Attack.**

Where many bitter and offensive disputes arose between opposing counsel, constantly tending to divert attention of jury from issues, a large audience evidencing approval or disapproval by cheers and other boisterous demonstrations, which doubtless might have had improper influence on jury, it was error to permit such attorneys' conduct. Decorum in courtroom during a trial is in hands of trial judge, having power to suppress such misconduct; and where chief offender was a foreign attorney, court's permission for him to appear might easily have been withdrawn; the courthouse might have been cleared. Moreover, court's duty was to protect attorneys from improper attacks or opposing counsel. While clients may some times suffer by improper conduct of their own attorneys, and ordinarily are not entitled to relief therefrom, yet such misconduct may as greatly prejudice rights of a client as that a mistrial may result, warranting new trial.

5. **Same—One's Own Attorney, Relief From Prejudice Caused By, When Remedial, Re Prejudice.**

While clients are not ordinarily entitled to relief from prejudicial action of their own attorneys, yet mis-trials may occur from such improper conduct, such as to warrant granting new trial; trial court being better able to judge concerning same than appellate court.

6. **New Trials—On Court's Motion, Inherent Power Outside of Statute—Misconduct of Attorneys and Audience, As Grounds, No Error—Discretion.**

Aside from the statutory power of trial court to grant new trial on court's own motion (Sec. 2558, Rev. Code 1919,) it has inherent power to so act when of view that conduct of trial amounted to clear mis-trial or miscarriage of justice. So **held**, where trial court regarded such error in permitting misconduct of attorneys and audience as depriving parties of fair impartial trial. Such power may be exercised any time while question of new trial is pending before him; it would not be abuse of discretion.

Appeal from Circuit Court, Clay County. HON. ROBERT B. TRIPP, Judge.

Action by Aldric J. Larsen against Hansene Johnson, to re-

cover damages from malicious prosecution. From an order grant-
ing a new trial after verdict for plaintiff, plaintiff appeals. Af-
firmed.

*W. J. Bulow,* and *Bogue & Bogue,* for Appellant.

*Geo. Danforth, W. A. Bauman,* and *Emery S. Walker,* for
Respondent.

(1)   To point one of the opinion, Respondent cited: Johnson
v. Miller, 29 N. W., 743, Iowa; Christy v. Rice, Mich., 116, N.
W. 200.

(2)   To point two, Appellant cited: Wuest v. American Tob.
Co., 10 S. D. 394; Davis v. McMillan (Mich.), 105 N. W. 862.

(6)   To point six, Appellant cited: Clement v. Barnes, 6
S. D. 483; Eades v. Trowbridge, 143 Cal. 25, 76 Pac. 714.

Respondent cited: Krause v. Bishop, (S. D.) 100 N. W. 434;
Simmons v. Gardner, (Wash.) Pacific 887.

McCOY, P. J.   Plaintiff brought this action, alleging that de-
fendant wrongfully, falsely, maliciously, and without probable
cause accused and charged plaintiff with having murdered her
son, and caused plaintiff to be arrested and prosecuted on said
charge thereby greatly injuring him in his good name, reputation,
and standing in the community in which he lived; that notwith-
standing plaintiff was discharged upon a hearing duly had accord-
ing to law, the defendant wrongfully and maliciously, and wholly
without cause, thereafter continued to falsely charge and assert
that plaintiff was guilty of murdering her son. Upon the trial
verdict was rendered in favor of plaintiff. From an order grant-
ing a new trial plaintiff appeals.

The order granting a new trial specified as grounds therefor:
First, that the court committed error in law in not granting de-
fendant's motion to direct a verdict in her favor, the undisputed
evidence showing that she made a full and fair statement of all
material facts then known to her to an attorney at law, who ad-
vised the prosecution; second, that the prosecution was at the in-
stance of the state's attorney who, after personal investigation,
advised the same, not relying upon the statements of the defend-
ant, and that the court erred in not directing a verdict in her
favor on this ground; third, that a fair and impartial trial was
not had on the merits by reason of the misconduct of attorneys

15—Vol. 43, S. D.

who participated in the trial; that bitter and offensive differences of the attorneys continually diverted the attention of.the jury and the court from the issues.

[1] We.are of the opinion that the learned trial court' erred in granting a new trial on either of the first or second of said grounds. This court in Jackson v. Bell, 5 S. D. 257, 58 N. W. 671, adopted the rule:

"That when a party communicates to counsel in good standing all the facts bearing upon the guilt of the accused of which he has knowledge, or could have ascertained by reasonable dili-gence, and in good faith acts upon the advice of such counsel in prosecuting the party accused, he cannot be held responsible for malicious prosecution."

[2] Whether or not a party communicates to counsel all the facts bearing upon the guilt of the accused known to him, or whether or not the accuser in good faith acted upon the advice of such counsel, are questions of fact to be determined from evidence. Likewise, whether or not the state's attorney based the prosecution on his personal investigation or on the statements of the accuser is also a question of fact to be determined from evidence. Mal-loy, v. C., M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598. We are of the opinion that the evidence in this case on these propositions was of such a conflicting nature that different per-sons might reasonably have drawn opposite conclusions there-from, and therefore were questions for the jury to determine. As this case must be retried, we deem it inadvisable to quote from the evidence or further refer thereto.

[3-6] We are not satisfied that the trial court abused its discretion in granting a new trial on the ground of mis-conduct of attorneys. It appears from the record that there were many bitter and offensive disputes between opposing attor-neys during the trial, which occurrences constantly had a tend-ency to divert the attention of the jury from the issues. There was a large audience in attendance which evidenced approval or disapproval of the remarks of attorneys during such disputes by cheers and other boisterous demonstrations, which, no doubt, had some effect upon, or might have had some improper influ-ence upon, the jury. It is an error on the part of the trial court

to permit such conduct by attorneys or audience.   The decorum of the courtroom during a public trial is in the hands of the trial judge, who at all times has appropriate power and means at hand for effectually suppressing all such misconduct.   It is his privilege and his duty to exercise such power on such occasions.   It appears that the chief offender among the attorneys for respondent was a resident of another state, who could only take part in the trial by permission of the court.   Such permission might easily have been withdrawn.   An audience that will not observe proper decorum can easily be cleared from the courtroom.   It is also the duty of the trial court to at all times protect attorneys engaged in a trial from improper attacks of opposing counsel.   Attorneys who are afforded no such protection are apt to resort to drastic measures in defense of their rights, and the rights of their clients.   Clients may sometimes suffer by the improper conduct of their own attorneys, and ordinarily are not entitled to any relief by reason thereof at the hands of the court, but we are of the view that the improper conduct of an attorney may be such as to greatly prejudice the rights of a client, and that a mistrial of the issues may occur on account of such misconduct that would warrant the trial court in granting a new trial.   The trial court in such cases is better able to judge in relation thereto than the appellate court.   A trial court, outside of the provisions of section 2558, Rev. Code 1919, no doubt has an inherent power to grant a new trial when of the view that the conduct of the trial was such as to amount to a clear mistrial or a clear miscarriage of justice.

In this case the third ground assigned for granting the new trial discloses that the trial court was of the view that the error of the court in permiting the misconduct of attorneys and audience was such as to deprive the parties of a fair and impartial trial.   We are of the view that where the trial court is satisfied there has been a mistrial, or a clear miscarriage of justice, growing out of a failure of the court itself to discharge the duties of its office, the court has inherent power to grant a new trial by reason thereof at any time while the question of a new trial is pending before him, and on this ground he may grant a new trial, without application or motion by either party, wholly upon his own motion.   We are of the

opinion that the record in this case does not show abuse of judicial discretion in granting the new trial onthe ground of misconduct.

The order appealed from is therefore affirmed, at respondent's cost.