DELMONT STATE BANK, Respondent, v. RAMSDELL, Appellant.

(208 N. W. 827.)

File No. 5633.   Opinion filed May 18, 1926.)

New Trial—Granting New Trial on Court's Own Motion, After Time for Serving Notice of Intention to Move for New Trial Had Passed Without Such Service, Held Error (Rev. Code 1919, § 2558).

Where verdict was rendered on December 18th and no notice of intention to move for new trial was served within time allowed therefor, court's granting new trial on its own motion on February 9, held error, as court may grant new trial on its own motion, under Rev. Code 1919, § 2558, only at time jury returns its verdict.

---

Note.—See, Headnote, American Key-Numbered Digest, New trial, Key-No. 110, 29 Cyc. 921.

Appeal from Circuit Court, Charles Mix County, HON. R. B. TRIPP, Judge.

Action by the Delmont State Bank against W. H. Ramsdell. Verdict was rendered for defendant. From an order granting a new trial on the court's own motion, defendant appeals. Reversed.

*F. B. Morgan,* of Wagner, and *H. A. Doyle,* of Yankton, for Appellant.

*Walker & Gurley,* of Armour, and *Wicks & Quinn,* of Scotland, S. D., for Respondent.

CAMPBELL, J. The trial of the above-entitled action resulted in a general verdict of the jury in favor of the defendant,

dated and returned into court on December 18, 1923. At the same time the jury returned answers to ten special findings or interrogatories. Thereafter nothing appears to have been done until January 10, 1924, when plaintiff served two separate notices of motion, one returnable January 19, 1924 at 10 o'clock a. m., for an order vacating and setting aside the tenth special finding, and one returnable January 19, 1924, at 10:30 a. m., for judgment in favor of the plaintiff and against the defendant notwithstanding the general verdict. No notice of intention to move for new trial was ever served, nor was judgment entered. On January 19, 1924, the two motions were presented to the court and taken under advisement. Nothing further was done until February 9, 1924, when the learned trial judge made a written decision in reference to said matter, reciting in part as follows:

"It is my conviction the court should under section 2558, order a new trial of its own motion, and the same will, I think, be in furtherance of justice."

And pursuant to said written decision, and on the same day, made and entered the following order granting a new trial:

### Order.

"Plaintiff's motions to set aside the tenth finding of the jury and for judgment in its favor having heretofore been submitted by attorneys of the respective parties, on the documents referred to in the motions, and the basis of this order, under the rules. appearing by the decision of the trial judge, whereby the finding should be set aside and the motion for judgment overruled, but that the court should of its own motion grant a new trial, it is therefore ordered that the verdict herein be set aside and a new trial granted; and each party is given an exception."

From this order defendant perfected an appeal to this court, presenting but a single question, which appellant states in his brief as follows:

"Appellant contends that the court had no authority or jurisdiction at that time and under those conditions to grant a new trial of its own motion."

In Larsen v. Johnson, 43 S. D. 223, 178 N. W. 876, verdict was for plaintiff, whereupon defendant served notice of intention and moved for new trial, which motion was granted by the court.

The order granting the motion for new trial specified three grounds for so doing, two of which were embraced in defendant's motion, but the third, "that a fair and impartial trial was not had on the merits by reason of the misconduct of attorneys who participated in the trial," was not embraced in said motion of defendant, but was stated by the court sua sponte as one of the grounds for granting the motion. On appeal this court held that the granting of the motion on the first two grounds was error, but upheld the order upon the third ground, and said,

"A trial court, outside of the provisions of section 2558, Rev. Code 1919, no doubt has an inherent power to grant a new trial when of the view that the conduct of the trial was such as to amount to a clear mistrial or a clear miscarriage of justice. In this case the third ground assigned for granting the new trial discloses that the trial court was of the view that the error of the court in permitting the misconduct of attorneys and audience was such as to deprive the parties of a fair and impartial trial. We are of the view that where the trial court is satisfied there has been a mistrial, or a clear miscarriage of justice, growing out of a failure of the court itself to discharge the duties of its office, the court has inherent power to grant a new trial by reason thereof at any time while the question of a new trial is pending before him, and on this ground he may grant a new trial, without application or motion by either party, wholly upon his own motion."

It is to be observed that when the learned trial judge made his order granting a new trial in the Larsen v. Johnson Case defendant had served notice of intention and had made and presented to the court, pursuant thereto, his motion for new trial, the decision of which motion was then pending before the court. In the instant case the order granting the new trial was made some 50 days after the verdict had been returned, and at a time when neither party had served notice of intention to move for new trial and the time for so doing had expired. Therefore the instant case is distinguishable upon the facts from Larsen v. Johnson, supra, and cannot involve the question of any inherent power of the court to grant a new trial of his own motion "at any time while the question of a new trial is pending before him."

If the granting of the new trial in the instant case can be sustained at all, it must be by virtue of the statutory provision upon which the learned trial judge relied as stated in his written decision, namely, section 2558, Code 1919, which reads as follows:

"Section 2558. *New Trial Granted by Court on Its Own Motion.*—The verdict of a jury may also be vacated, and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties, when there has been such plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice."

It has been several times determined by this court that the authority granted by the statute above quoted is only an authority to grant such new trial upon the court's own motion at the time the jury returns it's verdict, and we think that must be accepted as the long standing and established rule in this jurisdiction. See Clement v. Barnes, 6 S. D. 483, 61 N. W. 1126; Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W. 329; Traxinger v. Minneapolis, etc., Railroad Co., 23 S. D. 90, 120 N. W. 770.

Upon the authority of those decisions the order appeal from is reversed.

POLLEY, J., absent and not sitting