Dianna KLARENBEEK, Plaintiff
and Appellant,

v.

Arthur CAMPBELL, Defendant
and Appellee.

No. 12878.

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided Dec. 23, 1980.

Benjamin Vander Kooi of Vander Kooi & Hagedorn, Luverne, Minn., Acie W. Matthews of Willy, Pruitt, Matthews, Hurd, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellant.

Lawrence L. Piersol of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

DUNN, Justice.

This is an appeal by plaintiff Dianna Klarenbeek (Klarenbeek) from a jury verdict in favor of defendant Arthur Campbell (Campbell). Klarenbeek moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court issued an order denying this motion. We reverse and remand for a new trial solely on the issue of damages.

The facts of this case are very simple. This action arises out of an automobile accident which occurred on September 17, 1975, in a private parking lot in Sioux Falls, South Dakota. The parking lot is adjacent to Minnesota Avenue and 31st Street and provides parking for a small number of stores at this location. There are driveways from this parking lot onto 31st Street and Minnesota Avenue which allow access to the parking lot; though neither driveway is marked. All parking within the lot is diagonal and only one row of parking is permitted.

Klarenbeek, who had just transacted some business with one of the merchants at this location, backed her automobile out of its parking stall and proceeded south in this lot. She did not see any other vehicles backing up. Klarenbeek then stopped at the driveway which exited onto Minnesota Avenue, intending to enter Minnesota Avenue as traffic would permit.

Campbell at this time began backing out of his parking stall. He proceeded to back up approximately twelve feet, whereupon his automobile collided with the stationary Klarenbeek automobile's right rear bumper. Neither Campbell nor his wife, who was also present in the Campbell auto, observed the Klarenbeek automobile prior to the collision. Campbell did testify that he had

looked both over his shoulder and in his inside rearview mirror to make sure that no traffic was present. Campbell conceded, however, that his eyesight was such that his driver's license required him to have an outside mirror on his automobile. He further conceded that he did not use his outside mirror when he backed into the Klarenbeek automobile.

Klarenbeek brought an action based on negligence to recover for personal injuries, which were in the nature of what is commonly known as whiplash. The existence and extent of such injuries is not argued by either party; therefore, we do not address these injuries on appeal. After both sides had rested at trial, Klarenbeek moved for a directed verdict on the issue of liability. This motion was denied.

Klarenbeek raises several issues on appeal. The only issue we reach is whether Campbell was negligent as a matter of law, thereby requiring the granting of a directed verdict in favor of Klarenbeek.

In addressing this issue, we begin by reiterating the standard in reviewing a denial of a directed verdict.

> When reviewing the denial of the motion for a directed verdict this court must view the evidence in the light most favorable to the non-movant giving him the benefit of all reasonable inferences that may be drawn therefrom.... "A verdict by direction is justified only when the evidence conclusively establishes the right of the moving party.... This occurs when the evidence is so one-sided that reasonable minds can reach no other conclusion."

*Jensen v. Pure Plant Food Intern., Ltd.*, 274 N.W.2d 261, 265 (S.D.1979) (citation omitted). See *Nelson v. Schroeder Aerosports, Inc.*, 280 N.W.2d 107 (S.D.1979); *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978); *Corey v. Kocer*, 86 S.D. 221, 193 N.W.2d 589 (1972). Even in light of this standard, we find that the trial court erred in failing to direct a verdict in favor of Klarenbeek on the issue of liability.

■ This is not a case such as *Ricketts v. Tusa*, 87 S.D. 702, 214 N.W.2d 77 (1974),

wherein both vehicles were moving. Here, Klarenbeek's vehicle was stationary. She was waiting to enter traffic on Minnesota Avenue. Her duty to maintain a lookout was fulfilled. Campbell, on the other hand, was engaged in backing his automobile; his duty to maintain an effective lookout was just beginning. Moreover, the record is totally devoid of any evidence indicating that Klarenbeek was contributorily negligent, or that her stopping prior to entering traffic on Minnesota Avenue was a proximate cause of this accident.

■ We are cognizant of the rule that when a moving vehicle strikes a stationery object which is not out of its proper place, a prima facie case of negligence is established. *Machanic v. Storey*, 317 F.2d 151 (D.C.Cir.1963); *Haw. v. Liberty Mut. Ins. Co.*, 180 F.2d 18 (D.C.Cir.1950); *Baumann v. Maloney Concrete Company*, 278 F.Supp. 463 (D.C.Cir.1967).

We find that the evidence in this case is so clearly onesided that reasonable minds could reach no conclusion other than that the negligence of Campbell in failing to maintain an adequate lookout was the sole proximate cause of the accident; and it is equally clear that if there was any contributory negligence on the part of Klarenbeek, it had no proximate causal connection with the accident. See *Lee v. Dutli*, 403 S.W.2d 703 (Ky.1966).

Therefore, we hold that the trial court should have granted Klarenbeek's motion for a directed verdict on the issue of liability and submitted to the jury only the question of damages.

Accordingly, the judgment is reversed and the case is remanded with directions for a new trial on the sole issue of damages.

All the Justices concur.