**Flora SIMMONS and John Simmons, Plaintiffs and Appellees,**

**v.**

**CITY OF SIOUX FALLS, A Municipal Corporation; Sioux Falls Park Superintendent Ken Munro, in his individual capacity; City Employee Terry Van Doren, in his individual capacity; City Employee Shawn McCormick in his individual capacity; and City Employee Edwin Charlton, in his individual capacity, Defendants and Appellants.**

\* \* \* \* \*

**Jerry ENGELHART, Plaintiff and Appellee,**

**v.**

**CITY OF SIOUX FALLS, A Municipal Corporation; Sioux Falls Park Superintendent Ken Munro, in his individual capacity; City Employee Terry Van Doren, in his individual capacity; City Employee Shawn McCormick, in his individual capacity; and City Employee Edwin Charlton, in his individual capacity, Defendants and Appellants.**

**No. 14552.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1984.

Decided Oct. 2, 1985.

Sidney B. Strange of Strange & Palmer, Sioux Falls, for plaintiffs and appellees Flora and John Simmons.

David R. Nelson, Sioux Falls, for plaintiff and appellee Jerry Engelhart.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendants and appellants.

HOYT, Circuit Judge.

This is a negligence action for personal injury and property damage caused when a tree being cut down by the Sioux Falls City Park Department struck a passing car. Plaintiffs Flora Simmons and Jerry Engelhart were the occupants of the car and were injured when the tree landed on the car. John Simmons, Flora's husband, sues for negligent injury to his spouse. Defendant is the City of Sioux Falls. The Sioux Falls Park Superintendent and several park department employees at the scene of the accident were sued individually but were dismissed at the close of plaintiff's case.

The jury found for each of the plaintiffs and awarded Flora Simmons $4,000, Jerry Engelhart $500, and John Simmons zero dollars. At trial all of the plaintiffs introduced competent evidence which, if believed by the jury and considered in light of the applicable law, could have resulted in larger awards for plaintiffs. Consequently, each of the plaintiffs moved for a new trial on all issues. The trial court granted the motions, stating that "the amount of damages was so inadequate as to appear unreasonable and outrageous, and demonstrates that the jury was actuated by passion, partiality or prejudice."

The statutory grounds for granting of a new trial to all or any of the parties and on all or part of the issues is found in SDCL 15-6-59(a). Among the causes are: "Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;" SDCL 15-6-59(a)(5), and "Insufficiency of the evidence to justify the verdict or other decision or that it is against the law; ..." SDCL 15-6-59(a)(6). The trial court is best able to judge whether a verdict is the product of passion and prejudice, and the Supreme Court will not disturb its decision except for clear abuse. *Stene v. Hillgren,* 77 S.D. 165, 88 N.W.2d 109 (1958). If the trial court finds that an injustice has been done by the jury's verdict, the remedy lies in granting a new trial. *Mueller v. Mueller,* 88 S.D. 446, 221 N.W.2d 39 (1974).

An application for a new trial is addressed to the sound discretion of the trial court and the grant or denial will not be overturned absent a showing of abuse of discretion. *Lewis v. Storms,* 290 N.W.2d 494 (S.D.1980); *Jensen v. Miller,* 80 S.D. 384, 124 N.W.2d 394 (1963). Orders granting new trials stand on firmer ground than orders denying them. *Id.; Gould v. Mans,* 82 S.D. 574, 152 N.W.2d 92 (1967). After reviewing the record, we cannot say that the trial court abused its discretion in granting the new trials.

The orders appealed from are affirmed.

MORGAN and HENDERSON, JJ., and WUEST, Circuit Judge acting as a Supreme Court Justice, concur.

HERTZ, Circuit Judge acting as a Supreme Court Justice, not participating.

HOYT, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.