Harlan ANDERSON and Mary Anderson, Plaintiffs and Appellants,

v.

Kevin Eugene JOHNSON, and Tarr, Inc., A South Dakota Corporation d/b/a Servall Towel & Linen Supply, Defendants and Appellees.

No. 16364.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1989.

Decided May 31, 1989.

Robert J. Burns of Lynn, Jackson, Shultz & Lebrun, Sioux Falls, for plaintiffs and appellants.

Gary P. Thimsen and Sara L. Burnette of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellees.

MILLER, Justice.

In this opinion, we affirm a judgment based on a defendant's jury verdict in an automobile personal injury suit and hold (1) that the trial court did not err in refusing to instruct the jury on the assured clear distance rule, and (2) that statements and argument by defendant's counsel did not constitute prejudicial error.

FACTS

In December 1984, Harlan Anderson (Anderson) was injured in a two-car accident when the vehicle he was driving was rear-ended by a vehicle operated by Kevin Johnson (Johnson). Anderson stopped at a stop sign at the intersection of Union Avenue and Northwest Second Street in Madison, South Dakota. He observed Johnson approaching from the east approximately one block away. Because there was no traffic from the west, Anderson pulled out, made a left-hand turn onto Second Street (a

four-lane road) and proceeded west, the same direction as Johnson. Anderson then signalled a lane change to move to the lane closest to the curb in order to make a right turn onto Liberty Avenue, which is one block west of Union Avenue. Johnson had observed Anderson's turn onto Second Street and observed Anderson signal for a right turn onto Liberty Avenue. However, because of the icy condition of the street, Johnson was unable to stop his truck. He collided with the rear of Anderson's vehicle, which was pushed across the street, jumped the curb and struck a retaining wall.

Anderson sustained bodily injuries and was unable to resume working full time for several months. He later commenced this action alleging that Johnson negligently operated his vehicle. Johnson answered, claiming that the collision occurred as a result of causes and circumstances beyond his control, namely, the icy pavement. The issues were submitted to a jury which returned a verdict in favor of Johnson. Anderson appeals and we affirm.

I

WHETHER THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY ON THE ASSURED CLEAR DISTANCE RULE.

Anderson first argues that the trial court erred when it refused his proposed instruction on the assured clear distance rule. The proposed instruction read:

It is your duty as triers of fact to determine whether, in light of the attendant circumstances in this action, the Defendant violated the so-called assured clear distance ahead rule. The rule requires a driver to take into account any circumstances that affect his ability to stop, such as wet, icy, or slippery road surfaces.

Anderson has the burden of showing that the trial court erred in refusing to give his proposed instruction. *Kappenman v. Action Inc.*, 392 N.W.2d 410 (S.D.1986). He must show "not only error but also prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict" if his proposed instruction had been given. *Ryken v. Blumer*, 307 N.W.2d 865, 869 (S.D.1981) (quoting *Lytle v. Morgan*, 270 N.W.2d 359, 362 (S.D.1978)). We must consider the jury instructions as a whole to determine if prejudicial error exists. *Ryken, supra; Lytle, supra. See also Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114 (S.D.1977). The instructions, when considered as a whole, are adequate when they correctly state the law applicable to the case. *Wheeldon v. Madison*, 374 N.W. 2d 367 (S.D.1985).

This court recognized the assured clear distance rule in *Runge v. Prairie States Insurance of Sioux Falls*, 393 N.W.2d 538 (S.D.1986). We noted however that the rule has limitations, and we reiterated that we must continue to examine the jury instructions as a whole.

■ The trial court properly instructed the jury as to Johnson's duty to operate his vehicle in a safe manner. Instruction 17 provided:

A statute in this state provides, 'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway.' This statute sets out the standard of care of the ordinarily and (sic) careful and prudent person. If you find Defendant violated it, such violation is negligence.

The court, in instruction 18, also advised the jury:

A statute in this state provides, 'It shall be unlawful for any person to drive a motor vehicle on a highway located in this state at a` speed greater than is reasonable and prudent under the conditions then existing.'

This statute sets the standard of care of the ordinarily careful and prudent person. If you find defendant violated it, such violation is negligence.

We believe that these instructions, read in conjunction with the other instructions, adequately directed that the jury was to take

into consideration Johnson's ability to control his vehicle under the icy conditions which were then present. As such, we do not find that the trial court erred in refusing Anderson's proposed instruction or that the jury would have come to a different result had that instruction been included. *Wheeldon, supra; Ryken, supra.*

## II
## WHETHER COUNSEL'S IMPROPER STATEMENTS AND ARGUMENT PREJUDICED THE JURY.

Anderson next argues that the jury was prejudiced as a result of statements made by Johnson's counsel throughout the trial as well as his closing argument. At trial, Johnson's counsel on several occasions referred to the fact that Anderson's counsel had retained certain experts who examined Anderson and who were planning to testify on his behalf. Additionally, in his closing argument, Johnson's counsel stated that America was a "over-lawyered litigious, sue-happy country" and that "there is a phenomenon growing up that is know (sic) here as the litigation industry." Anderson objected to this argument. The trial court sustained his objection and properly admonished the jury to disregard the comments. Anderson made no motion for mistrial. Anderson argues that these improper statements were so prejudicial as to require a new trial.

■ We do not find that the statements by Johnson's counsel that Anderson had retained and compensated his experts were improper. SDCL 19–14–8 specifically provides that the credibility of a witness may be attacked by any party. We have previously held that, on cross-examination, one may inquire into statements by the witness concerning matters relating to his possible partiality. *See State v. Wiegers,* 373 N.W.2d 1 (S.D.1985). We have also held that a party's financial interest in the litigation is a proper subject for cross-examination and proof. *Corn Exchange Bank v. Tri–State Livestock,* 368 N.W.2d 596 (S.D.1985). Thus, counsel's questions and statements concerning the fact that certain of Anderson's witnesses were re-

tained and compensated experts were not improper. Moreover, it does not appear that Anderson ever objected to these statements during the course of trial. We have previously held that such objections must be made to the trial court in order to allow it to correct its mistakes, and an objection not properly raised below cannot be reviewed by this court on appeal. *See Till v. Bennett,* 281 N.W.2d 276 (S.D.1979); *see also Johnson v. John Deere Company,* 306 N.W.2d 231 (S.D.1981); *Hepper v. Triple U Enterprises Inc.,* 388 N.W.2d 525 (S.D. 1986); *State v. Carlson,* 392 N.W.2d 89 (S.D.1986).

■ We find that the statements of Johnson's counsel in closing argument were unprofessional, offensive, and exceeded the proper bounds of trial advocacy. The trial court would have been justified in granting a mistrial had one been requested. We do note that upon proper objection by Anderson the trial court admonished the jury to disregard the improvident statements. Under our settled law, we assume the jury accepted the admonition.

Lastly, Anderson argues that evidence involving the results of his thermographic examination was wrongfully excluded by the trial court. We first note that the admissibility of results of thermographic testing is in dispute throughout the country. This dispute centers around the acceptance of such results within the scientific community, the reliability of the results, the accepted procedures as to the administration of the test, and the qualifications necessary to perform and testify concerning thermography tests. *See generally* Annot., *Thermographic Tests: Admissibility of Test Results in Personal Injury Suits,* 56 A.L.R. 4th 1105 (1987 and 1988 Supp.).

■ Anderson wishes to have us hold that the results of such tests are admissible. However, we need not reach this decision. It is clear that thermographic testing and its results are utilized in order to discern the amount of damage caused by an injury. Here, the jury found for Johnson on the basis of liability. Since the thermography results would relate only to the

issue of damages (an issue which the jury never reached), Anderson's argument concerning the admissibility of such test results is not properly before us. *See Kallis v. Beers,* 375 N.W.2d 642 (S.D.1985).

Affirmed.

All the Justices concur.