Lavonne JUNGE and Hiene Junge,
Plaintiffs and Appellees,

v.

John T. JERZAK and F.J. McLaughlin
Company, a/k/a, McLaughlin and
Schultz, Inc., A Minnesota Corporation,
Defendants and Appellants.

Nos. 18362, 18365.

Supreme Court of South Dakota.

Considered on Briefs on March 21, 1994.

Decided June 29, 1994.

Roger W. Ellyson, Ellyson Law Office,
Watertown, for plaintiffs and appellees.

R. Greg Bartron, Bartron, Wiles, Rylance
& Holgerson, Watertown, for defendants and
appellants.

WUEST, Justice.

Defendants John Jerzak and the F.J. McLaughlin Company (hereinafter Jerzak) appeal the circuit court's order granting plaintiffs' LaVonne and Hiene Junge (hereinafter Junge) a new trial. We affirm.

## FACTS

On October 3, 1990, Jerzak was driving his employer's pickup truck east on Seventh Avenue Southwest in Watertown, South Dakota. Jerzak stopped in the traffic lane, put his truck into reverse and backed up, apparently to position his vehicle so as to maneuver the pickup truck into a parallel parking space. At approximately the same time, Junge was preparing to turn east onto Seventh Avenue as she exited a supermarket parking lot. Junge observed the Jerzak truck pass the parking lot driveway. Junge pulled out into the traffic lane and then observed the Jerzak truck stop and back up in the traffic lane; thus, Junge stopped. The only way Junge could have avoided the pending collision would have been for Junge to quickly back up into the parking lot. Junge was unable to avoid the collision, and the Jerzak truck backed into Junge. Jerzak pled guilty to a charge of driving under the influence of alcohol (DUI) in conjunction with this accident.

Junge filed a complaint alleging that Jerzak was negligent or reckless in the operation of his motor vehicle and that such negligence caused the collision; and sought damages for personal injuries and property damage. Jerzak answered denying the allegations of negligence, and pled the affirmative defense that Junge was guilty of negligence more than slight, barring Junge's recovery. Trial was held to a jury. At the close of all the evidence, Junge moved for a directed verdict on the issue of Jerzak's negligence, which motion the court denied.

During settlement of jury instructions, the court proposed a packet of instructions which was supplied to counsel. The court proposed to instruct the jury on the contributory negligence of the plaintiff Junge. The record reveals that Junge objected to contributory negligence instructions on the ground that there was "no evidence to substantiate that there could have been any contributory negli-

gence." The court overruled all such objections.

The record further reveals that during closing arguments, counsel for Jerzak made certain statements to the jury including the following comments about gambling:

> [I] believe the plans began at [the time of the accident] to solve Mrs. Junge's financial problems as well as her husband's.... Mrs. Junge is presently playing slots, as near as I can figure out, feverishly, as often as she can.... [W]e may have exposed a gambling problem, Ladies and Gentlemen. So to give her money to play the machines would only make the situation worse.

Counsel for Junge objected to these comments, which objection the court sustained; of course, the jury had already heard these statements. Additionally, counsel for Jerzak stated:

> And I'm telling you that you have an opportunity here today, Ladies and Gentlemen, to start to control what's wrong with this country's economy.

Junge's objection to this statement was sustained. Counsel for Jerzak continued:

> Ladies and Gentlemen, you do have an opportunity here to see that these claims aren't awarded. You do have an opportunity here to stop payment on these types of claims. You do have an opportunity here to send a message to other people who try through trickery, through deciding they've got an opportunity and very well-rehearsed, presenting their opportunity to you so that they can spend the rest of their life—I don't know, gambling?

Junge's objection to this line of commentary was overruled.

The jury returned a verdict for Jerzak. Thereafter, Junge moved for judgment notwithstanding the verdict on the ground that the evidence presented at trial was insufficient to justify such a verdict, or that the verdict was contrary to law. Additionally, Junge moved for a new trial, urging three possible grounds: (1) Insufficiency of the evidence to justify the verdict; (2) improper closing arguments, appealing to the jurors'

passions and prejudices; and (3) improper instruction on contributory negligence.

After a hearing, the court granted Junge's motion for new trial, stating two grounds in its order: (1) That reasonable people could not differ on whether Jerzak violated SDCL 32–30–20;[1] and (2) that the jury should have been instructed that Jerzak was negligent as a matter of law. From this order granting a new trial, Jerzak appeals.

### STANDARD OF REVIEW

We have previously set out the standard to be applied upon this court's review of the trial court's grant of a motion for new trial:

"Whether a new trial should be granted is left to the sound judicial discretion of the trial court, and this court will not disturb the trial court's decision absent a clear showing of abuse of discretion." *Kusser v. Feller,* 453 N.W.2d 619, 621 (S.D.1990). *Accord Simmons v. City of Sioux Falls,* 374 N.W.2d 631 (S.D.1985). "If the trial court finds an injustice has been done by the jury's verdict, the remedy lies in granting a new trial." *Id.* at 632. "[W]e determine that an abuse of discretion occurred only if no 'judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.'" *Jensen v. Weyrens,* 474 N.W.2d 261, 263 (S.D.1991) (quoting *Estate of Pejsa,* 459 N.W.2d 243, 245 (S.D.1990); *Estate of Smith,* 401 N.W.2d 736 (S.D. 1987)). Finally, we note a decision to grant a new trial stands on firmer footing than a decision to deny a new trial. *Simmons,* 374 N.W.2d at 632.

*Dartt v. Berghorst,* 484 N.W.2d 891, 894 (S.D. 1992). This court has further noted that, "On appeal from a judgment insufficiency of the evidence may be reviewed if it was called to the attention of the trial court by motion for a directed verdict, request for findings, or other apt motion, offer, objection, or exception without necessity for an application for new trial." *Bunnell v. Kindt,* 83 S.D. 377, 380, 159 N.W.2d 923, 925 (1968) (citations omitted).

### I. WAS THE GRANT OF A NEW TRIAL WITHIN THE COURT'S DISCRETION?

Jerzak urges that the circuit court abused its discretion in granting a new trial for two reasons. First, Jerzak argues that the court improperly granted a new trial when it did so for a reason that Junge did not advance, and that the judge erred when he "did not confine himself to the reasons advanced by the parties." Second, Jerzak argues that the error of law—failure to properly instruct the jury—was not properly preserved by Junge. We disagree on both points.

█ As to Jerzak's first argument, it is our view that the reasons noted by the court for granting the new trial are within the ambit of the grounds for new trial advanced by Junge. Junge urged insufficiency of evidence to support the verdict; the court stated that reasonable people could not differ on whether Jerzak violated SDCL 32–30–20— thus implying that the evidence was insufficient to support the jury's verdict. Junge also urged that the jury was improperly instructed; the court stated that the jury should have been instructed that Jerzak was negligent as a matter of law.

█ We also disagree with Jerzak's contention that the court must "confine" itself to the reasons advanced by the parties when considering the propriety of granting a new trial. In fact, the circuit court need not have a new trial motion before it. The parties should take note of SDCL 15–6–59(d) which provides:

Not later than ten days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, *the court may grant a motion for a new trial, timely served, for a reason not stated in the motion.* In either case, the court shall specify in the order the grounds therefor.

---

1. SDCL 32–30–20 provides: "The driver of a vehicle may not back the vehicle unless such movement can be made with safety and without interfering with other traffic. A violation of this section is a Class 2 misdemeanor."

*Id.* (emphasis added). Thus, a court may grant a new trial on its own motion, or for reasons not advanced by the parties. In an early case, this court stated:

> We are of the view that where the trial court is satisfied there has been a mistrial, or a clear miscarriage of justice, growing out of a failure of the court itself to discharge the duties of its office, the court has inherent power to grant a new trial by reason thereof at any time while the question of a new trial is pending before him, and on this ground he may grant a new trial, without application or motion by either party, wholly upon his own motion.

*Larsen v. Johnson*, 43 S.D. 223, 227, 178 N.W. 876, 877 (1920).[2] More recently, this court stated that, "[U]nder SDCL 15–6–59(d), a trial court, on its own initiative, may order a new trial for any reason for which it might have granted a new trial on motion of a party." *Case v. Murdock*, 488 N.W.2d 885, 888 (S.D.1992). This holding comports with the guidelines found in other authority:

> A trial court has, by virtue of its inherent powers, authority upon its own motion to set aside a verdict and grant a new trial, at least in the absence of any statutory limitation upon its power in this regard.... A trial court may grant a new trial where, by reason of some misapplication of the principles of law, or in consequence of some inadvertence, it is satisfied that a party has not had his or her cause properly presented, *even though no exception was taken or attention called to the misapplication or inadvertence.* ... Where a party files a motion for a new trial on stated grounds, and the trial court grants a new trial on grounds not stated in the motion, the court in legal contemplation grants a new trial of its own motion.

**2.** The *Larsen* court also stated: "A trial court, *outside of the provisions* of section 2558, Rev. Code 1919, no doubt has an inherent power to grant a new trial when of the view that the conduct of the trial was such as to amount to a clear mistrial or a clear miscarriage of justice." 43 S.D. at 227, 178 N.W. at 877 (emphasis added). The statute referenced by the court provided:

> The verdict of a jury may also be vacated, and a new trial granted by the court in which the

58 AM.JUR.2D *New Trial* §§ 33–36 (1989) (emphasis added).

■ We also disagree with Jerzak's contention that Junge failed to properly preserve the error on instruction of the jury. Pertinent language of SDCL 15–6–59(a) provides that an error of law "must be based upon an objection[.]" As previously detailed, Junge objected to all jury instructions on contributory negligence, and these objections were overruled by the court. *See Frey v. Kouf*, 484 N.W.2d 864, 866–67 (S.D.1992) (holding that even where counsel failed to propose alternate instructions, the record of error is sufficiently preserved; an objection sufficiently informs the judge of possible error thereby allowing opportunity to make corrections). It would have been fruitless for Junge to request an instruction commanding the jury that Jerzak was negligent as a matter of law, when the court made clear that it intended to instruct on Junge's contributory negligence.

We hold that the grant of a new trial was within the sound discretion of the court, and affirm its ruling.

### ISSUES ON NOTICE OF REVIEW

Junge raises two issues on notice of review, which we address for the purposes of providing guidance on retrial.

### I. WAS THE ISSUE OF CONTRIBUTORY NEGLIGENCE IMPROPERLY SUBMITTED TO THE JURY?

■ As previously stated, the court instructed the jury—over Junge's objections—on the issue of Junge's contributory negligence. The court's memorandum decision, which was incorporated into the order granting a new trial, states that, "The Court also finds that there was sufficient evidence of

> action is pending, on its own motion, without the application of either of the parties, when there has been such plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice.
> R.C.1919, § 2558.

contributory negligence to let that issue go to the Jury." Junge asks that we determine whether the court erred in this regard.

According to the facts as propounded by Jerzak in his brief, Junge started to pull out onto Seventh Avenue after she saw Jerzak's truck go by the supermarket driveway. Junge was nearly out of the driveway and into the lane of traffic when she saw Jerzak's brake lights come on. Junge stopped her vehicle, and turned around to see if she could back up into the parking lot so that Jerzak's truck would not collide with her vehicle. Jerzak further notes in his brief that Junge "had five or six seconds to react," but Junge was unable to do so. Jerzak continued to back up and struck Junge's vehicle.

"A trial court is to present only those issues to the jury by way of instruction which find support competent evidence in the record." *Frey*, 484 N.W.2d at 868 (citations omitted). In *Frey*, we further noted:

'Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause.' *Starnes v. Stofferahn*, 83 S.D. 424, 432, 160 N.W.2d 421, 426 (1968). 'In the absence of knowledge to the contrary, one who is conducting himself in accordance with standards of ordinary care may assume that he is not to be exposed to harm from a breach of duty which others owe to avoid injury to him.' *Rikansrud v. City of Canton*, 79 S.D. 592, 607–08, 116 N.W.2d 234, 242 (1962).

*Frey*, 484 N.W.2d at 869 (citing *Williams Ins. v. Dee–Bee Contracting Co.*, 358 N.W.2d 231, 232 (S.D.1984)). *See Howard v. Sanborn*, 483 N.W.2d 796, 797 (S.D.1992).

This court—*in a case not cited by either party*—has previously addressed a situation where a moving vehicle backed into a stationary vehicle. *Klarenbeek v. Campbell*, 299 N.W.2d 580 (S.D.1980). This is a unanimous opinion written by Justice Dunn. In *Klarenbeek*, the plaintiff (Klarenbeek) was stopped in the driveway of a parking lot, waiting to exit the parking lot and enter the street as traffic would permit. 299 N.W.2d at 580. The defendant (Campbell) backed out of his parking stall and collided with the stationary Klarenbeek vehicle. *Id.* Klarenbeek brought an action based on negligence to recover for her personal injuries. *Id.* at 581. After both sides had rested at trial, Klarenbeek's motion for a directed verdict on the issue of liability was denied. *Id.* On appeal, this court stated:

Here, Klarenbeek's vehicle was stationary. She was waiting to enter traffic.... Her duty to maintain a lookout was fulfilled. Campbell, on the other hand, was engaged in backing his automobile; his duty to maintain an effective lookout was just beginning. Moreover, the record is totally devoid of any evidence indicating that Klarenbeek was contributorily negligent, or that her stopping ... was a proximate cause of this accident.

We are cognizant of the rule that when a moving vehicle strikes a stationery [sic] object which is not out of its proper place, a prima facie case of negligence is established. [Citations omitted.]

We find that the evidence in this case is so clearly onesided that reasonable minds could reach no conclusion other than that the negligence of Campbell in failing to maintain an adequate lookout was the sole proximate cause of the accident and it is equally clear that if there was any contributory negligence on the part of Klarenbeek, it had no proximate causal connection with the accident. [Citation omitted.]

Therefore, we hold that the trial court should have granted Klarenbeek's motion or a directed verdict on the issue of liability and submitted to the jury only the question of damages.

*Klarenbeek*, 299 N.W.2d at 581.

We previously noted that Jerzak pled guilty to DUI charges related to this accident. He was backing his vehicle, while Junge's vehicle was stationary. Jerzak's sole contention appears to be that Junge should have reacted faster and backed out of his way so that he could continue to back up. Jerzak admitted that Junge's vehicle was

"not out of its proper place." *Klarenbeek,* 299 N.W.2d at 581. Our statute provides that one may not back his vehicle "unless such movement can be made with safety." SDCL 32–30–20. As did the defendant in *Klarenbeek,* Jerzak had a continuous duty to maintain an effective lookout as he backed his vehicle. 299 N.W.2d at 581. Jerzak failed in that duty. Junge could not reasonably anticipate that an impaired driver would back into her as she exited the supermarket parking lot. Thus, based on the facts and circumstances as presented in this case, we hold that it was improper to submit the issue of contributory negligence to the jury. Assuming that the facts are essentially the same on retrial, the contributory negligence issue should not be presented to the jury.[3]

## II. COULD THE TRIAL COURT HAVE USED THE COMMENTS OF JERZAK'S COUNSEL DURING CLOSING ARGUMENTS AS GROUNDS FOR GRANTING A NEW TRIAL?

We previously detailed some of the comments of Jerzak's counsel during closing argument. Judge Timm found that such comments amounted, "to a calculated course of misconduct which was unprofessional, offensive, and exceeded the bounds of trial advocacy." We agree.[4] *See Anderson v. Johnson,* 441 N.W.2d 675, 677 (S.D.1989). *See also Degen v. Bayman,* 90 S.D. 400, 403, 241 N.W.2d 703, 704 (1972) (noting the court's earlier ruling that the case be "retried because of improper statements made by counsel in closing argument."). In *Anderson,* we stated that such comments would justify granting a mistrial, where one is requested. 441 N.W.2d at 677. In the present case, although Junge objected—with some objections sustained, and others overruled—no mistrial was requested. Although the court chose to state other grounds in its order granting a new trial, under SDCL 15–6–59(d), as well as cases previously cited in this opinion, the court may use such improper comments in closing argument as grounds for granting a new trial. *Larsen,* 43 S.D. at 227, 178 N.W. at 877; *Case,* 488 N.W.2d at 888; SDCL 15–6–59(d).

The order granting a new trial is affirmed.

MILLER, C.J., concurs.

HENDERSON, J., concurs specially.

SABERS and AMUNDSON, JJ., concur in part and dissent in part.

HENDERSON, Justice (concurring specially).

In the recently released *Treib v. Kern,* 513 N.W.2d 908 (S.D.1994), the defendant backed out of his driveway into traffic and collided with a passing motorist. Via directed verdict, the defendant was found negligent. However, the jury found that the plaintiff was contributorily negligent. Trial court thereafter declined to grant a new trial or grant a motion for a judgment notwithstanding the verdict. This Court affirmed the

---

3. Despite the assertions the present case is contrary to the majority opinion in *Treib v. Kern,* 513 N.W.2d 908 (S.D.1994), it is this author's opinion the facts of *Treib* are distinguishable from the present case. In *Treib,* a number of facts gave rise to the issue of contributory negligence:

   Treib testified he was aware of Kern's tendency to back out of his driveway without looking. Treib admitted that he was taking [medication that] could cause fatigue and drowsiness to the point that it would be dangerous to operate an automobile.... Although Treib knew Kern's pickup was running and that Kern had a propensity for backing his pickup without looking, he did not take precautions to avoid an accident.

   513 N.W.2d at 910–12. In the present case, as well as in *Klarenbeek,* 299 N.W.2d at 581, a "backing up" vehicle collided with a stationary vehicle in its proper place.

4. During trial, counsel for Jerzak started to question LaVonne Junge regarding her gambling habits and debts, as well as those of her husband. Junge objected. Outside the presence of the jury, counsel for Jerzak made an offer of proof regarding the Junge's gambling habits and debts, for the purpose of showing one of the "motivations for this claim ... that the Junges are trying to pick up some money for their gambling debts." Judge Timm ruled that such evidence was "irrelevant," and that "the financial condition of the parties is not something that ought to be inquired into in this proceeding." We agree with the trial court's ruling; and further note that it was improper for counsel to attempt to inject into closing arguments information regarding the Junge's gambling, when the court had ruled that such information was not admissible into evidence.

 

trial court. Both Justice Sabers and I dissented agreeing that the evidence did not support the jury's finding that the plaintiff's alleged negligence was "more than slight," when compared to the defendant's negligence.

Before this Court is another negligence-backing case where the jury "has granted the right of way to [Jerzak] while penalizing [Junge] for unfortunately being in the way of a reckless driver." *Treib,* 513 N.W.2d at 918 (Henderson, J., dissenting). As SDCL 32–30–20 provides, "The driver of a vehicle may not back the vehicle unless such movement can be made with safety and without interfering with other traffic." Although it would not grant Junge's motion for judgment notwithstanding the verdict, the trial court wisely ordered a new trial, acknowledging that Jerzak was negligent as a matter of law. This time, however, our Court agrees that a new trial under this set of facts is warranted. I concur.. There is no question of fact that this legally drunk defendant was negligently backing his vehicle against the flow of traffic. *DeBerg v. Kriens,* 149 N.W.2d 410 (S.D. 1967).

I likewise concur with the majority that the contributory negligence issue should not be presented to the jury. No substantial, credible evidence supports the original contributory negligence verdict. *Fajardo v. Cammack,* 322 N.W.2d 873, 875 (S.D.1982). Junge's alleged contributory negligence was not "more than slight" as compared to Jerzak's reckless behavior. *Estate of He Crow v. Jensen,* 494 N.W.2d 186 (S.D.1992); *Nugent v. Quam,* 82 S.D. 583, 152 N.W.2d 371 (1967). Rather, Junge had the right to assume that Jerzak would exercise due care and obey the law. *Musilek v. Stober,* 434 N.W.2d 765 (S.D.1989). The right rationale has prevailed this time.

As the call for a new trial has been upheld, I find it unnecessary to address Issue II of the Notice of Review concerning another reason for upholding a new trial, a ground not mentioned by Judge Timm to support his order.

SABERS, Justice (concurring in part and dissenting in part).

I concur except that I would affirm the trial court on submission of the issue of contributory negligence to the jury. If Junge "had five or six seconds to react," but failed to do so, there *is* a question for the jury as to contributory negligence and proximate cause. *Klarenbeek* is clearly distinguishable. The majority's current position is clearly contrary to the majority's position in the recent case of *Treib v. Kern,* 513 N.W.2d 908 (S.D.1994), as written by Justice Amundson and joined by Chief Justice Miller and Justice Wuest.

Since a new trial is granted, there really is no good reason to reach this issue, especially if the conference opinion is going to say "assuming the facts are essentially the same on retrial[.]"

AMUNDSON, J., joins this special writing.