#25578-rev & rem-JKK

**2011 S.D. 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BOB COOPER,                                             Plaintiff and Appellant,

v.

MALLORIE RANG,                                      Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE RANDALL L. MACY
Judge

\* \* \* \*

CHARLES ABOUREZK
REBECCA KIDDER of
Abourezk Law Firm, PC                          Attorneys for plaintiff
Rapid City, South Dakota                         and appellant.

ROBERT L. MORRIS of
Day Morris Law Firm, LLP                      Attorneys for defendant
Belle Fourche, South Dakota                    and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 4, 2010

OPINION FILED **02/09/11**

#25578

KONENKAMP, Justice

[¶1.]        Plaintiff was stopped at a stop sign at the bottom of an icy hill. Defendant knew the roads were slippery and saw plaintiff's vehicle, but did not apply her brakes in time to prevent her car from sliding into the rear of plaintiff's minivan. At trial, the plaintiff moved unsuccessfully for a judgment as a matter of law on defendant's negligence, and the jury returned a verdict for defendant. Because there was no issue of contributory negligence and no claim of legal excuse for failure to stop, the circuit court erred in not granting plaintiff's motion. We reverse and remand.

## Background

[¶2.]        On January 31, 2003, Bob Cooper stopped his minivan at a stop sign at the bottom of a hill in Lead, South Dakota. The roads were icy. As Mallorie Rang drove down the same hill she saw Cooper's van from about fifty feet ahead. She applied her brakes when she was halfway down the hill, fifteen to twenty feet from Cooper's van. But she was unable to stop. Her car slid on the ice and rear ended Cooper's vehicle. At the time of the collision, Rang estimated her speed at five to ten miles per hour. Cooper had his foot on the brake pedal and his head turned to see past a snow bank. He did not see Rang's car coming behind him. He was taken by ambulance to the hospital. Over the next several years, he received medical treatment for neck, arm, and knee pain.

[¶3.]        Cooper brought suit against Rang, alleging negligent failure to keep a proper lookout and failure to use reasonable care in the operation of her vehicle. He claimed to have incurred $97,961.79 in medical expenses. During the jury trial, at

-1-

the close of the evidence, Cooper moved for a directed verdict — now called a judgment as a matter of law — on the issue of Rang's negligence. He contended that Rang admitted the accident was her fault in a deposition and during cross examination at trial. Rang was asked during her deposition: "Was the accident your fault?" She replied, "I believe it was partly, and, you know, the roads weren't in great conditions." At trial she was asked, "So you admitted it was part your fault, but partly the road's fault?" Rang replied, "Yeah." The court denied Cooper's motion.

[¶4.] The jury returned a verdict for Rang. Cooper moved for a judgment notwithstanding the verdict — now called a renewed motion for judgment as a matter of law. *See* SDCL 15-6-50(b). He asserted that absent contributory negligence or legal excuse, the jury's verdict was insupportable. The court denied the motion. In this appeal, Cooper asserts, among other things, that the court abused its discretion when it failed to grant a judgment as a matter of law on negligence.[1] Cooper's additional assignments of error lack sufficient merit for discussion.

## Analysis and Decision

[¶5.] A judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a

---

1. We review a court's denial of a motion for a judgment as a matter of law under the abuse of discretion standard. *Steffen v. Schwan's Sales Enter., Inc.*, 2006 S.D. 41, ¶ 7, 713 N.W.2d 614, 617 (citations omitted). We similarly review a court's ruling on a judgment notwithstanding the verdict for an abuse of discretion. *Schwartz v. Morgan*, 2009 S.D. 110, ¶ 7 n.1, 776 N.W.2d

(continued . . .)

reasonable jury to find for that party on that issue[.]" SDCL 15-6-50(a). In this case, the jury heard evidence that when Rang was approximately fifty feet away she noticed Cooper's van stopped at a stop sign. She knew the roads were icy when she began to brake halfway down the hill, fifteen to twenty feet away from Cooper. She started to slide, could not stop, and struck Cooper's minivan. Rang never claimed that Cooper was contributorily negligent or that the icy roads legally excused her duty to stop.

[¶6.] In the court's Instruction 15, the jury was told that a driver has "a duty to exercise reasonable care under the circumstances and keep a lookout for other users of the highway and to maintain control of the vehicle so as to be able to stop or otherwise avoid an accident within that person's range of vision." On Rang's testimony alone, there was no legally sufficient evidentiary basis for the jury's verdict. Cooper was in Rang's range of vision from at least fifty feet away, yet she did not "maintain control of the vehicle so as to be able to stop or otherwise avoid an accident" with Cooper. Rang made no claim that Cooper contributed to her failure to stop her vehicle or otherwise avoid the accident. *Dartt v. Berghorst*, 484 N.W.2d 891, 894-95 (S.D. 1992); *Albers v. Ottenbacher*, 79 S.D. 637, 643, 116 N.W.2d 529, 532 (1962).

[¶7.] In a recent case, we reversed a trial court's denial of a judgment as a matter of law because the defendant admitted he struck the plaintiff's vehicle after

---

(. . . continued)
827, 829 n.1 (citations omitted). In doing so, we view the evidence and testimony in a light most favorable to the verdict. *Id.*

he miscalculated the distance between his car and the plaintiff's. *Christenson v. Bergeson*, 2004 S.D. 113, ¶ 27, 688 N.W.2d 421, 428. Christenson was turning right and stopped suddenly because of a bicyclist. Bergeson did not see the bicyclist, but admitted that he saw Christenson stop. He then "misjudged the distance and as a result his passenger side mirror struck the tail end of Christenson's pickup leaving a small dent." *Id.* ¶ 2, 688 N.W.2d at 424. Bergeson argued that Christenson was contributorily negligent. At the close of the evidence, Christenson moved for a judgment as a matter of law on the issue of Bergeson's negligence and her contributory negligence. The court denied the motion and the jury returned a verdict for Bergeson. Despite the claim of contributory negligence, we held that "[t]he jury's verdict is clearly against the evidence presented in the record. It was not plausible for the jury to have accepted Bergeson's account and found he had not breached his duty of care to Christenson." *Id.* ¶ 27, 688 N.W.2d at 428.

[¶8.]        Similarly, in *Klarenbeek v. Campbell*, we held that the trial court abused its discretion when it failed to grant a judgment as a matter of law on the defendant's negligence. 299 N.W.2d 580, 581 (S.D. 1980). Campbell was backing his vehicle out of his parking space and struck Klarenbeek's vehicle, which was stopped at a driveway that exited onto a road. *Id.* at 580-81. Campbell testified that he looked over his shoulder and into his rearview mirror to assure himself that no traffic was present before he began backing up. He explained that he did not see Klarenbeek's vehicle, although he admitted his eyesight was such that he was required to have an outside mirror, a mirror he did not use while backing up. The jury returned a verdict in favor of Campbell, and Klarenbeek appealed. We wrote

"that the evidence in this case is so clearly onesided that reasonable minds could reach no conclusion other than that the negligence of Campbell in failing to maintain an adequate lookout was the sole proximate cause of the accident[.]" *Id.* at 581. "Klarenbeek's vehicle was stationary. She was waiting to enter traffic on Minnesota Avenue. Her duty to maintain a lookout was fulfilled. Campbell, on the other hand, was engaged in backing his automobile; his duty to maintain an effective lookout was just beginning." *Id.* And the record contained no evidence that Klarenbeek was contributorily negligent.

[¶9.] Our cases dealing with unavoidable accident situations in winter road conditions are instructive.[2] In *Plucker v. Kappler*, we wrote that an unavoidable

2. Although not directly on point, *Baddou v. Hall*, 2008 S.D. 90, 756 N.W.2d 554 is nonetheless informative. In that case, two drivers were proceeding in the same direction on the same street. Both were driving the speed limit. The defendant testified that she was one-car length away from the plaintiff. She slowed near a school area and looked left for children that may be crossing or darting into the road. She did not notice that the plaintiff had stopped to make a left-hand turn, with his left-turn signal activated. By the time defendant looked forward and saw plaintiff stopped, she could not stop her vehicle without striking plaintiff's rear bumper. The jury found for defendant on the issue of negligence. Plaintiff appealed and we affirmed. Although plaintiff was legally stopped when defendant rear ended him, we held that the issue of defendant's reasonableness was directly at issue and the jury could have found her actions reasonable. As defendant testified, she was driving at a reasonable speed and was a safe distance away from plaintiff's vehicle while following him for approximately three blocks. She also claimed it was reasonable for her to look left for children in a school area. That plaintiff stopped to make a left-hand turn, which defendant did not see until it was too late, was also relevant. In contrast, here, Rang saw Cooper *stopped* at a stop sign when she was about fifty feet away. She knew the roads were icy. Nonetheless, Rang did not attempt to stop her car until she was about fifteen to twenty feet away from Cooper. The collision, therefore, was because of Rang's failure to maintain her vehicle so as to not strike Cooper's, unlike in *Baddou*, where the plaintiff unexpectedly stopped and the defendant's actions were found reasonable.

accident instruction is appropriate in cases where the "'element of 'surprise' is present such as the sudden and unexpected presence of ice, the blowout of a tire, the malfunction of brakes, or other mechanical failure.'" 311 N.W.2d 924, 925 (S.D. 1981) (quoting *Cordell v. Scott*, 79 S.D. 316, 323, 111 N.W.2d 594, 598 (1961); *Herman v. Spiegler*, 82 S.D. 339, 342, 145 N.W.2d 916, 917 (1966); *cf. Del Vecchio v. Lund*, 293 N.W.2d 474 (S.D. 1980)). Because Kappler testified that she knew of the ice before she reached the intersection, the instruction was unwarranted as the presence of ice at the intersection should not have come as a surprise to her. Then, in *Dartt*, we found "insufficient evidence" to justify a jury's finding of a sudden emergency to excuse Berghorst's negligence. 484 N.W.2d at 896-97. An emergency must not be of one's own making. *Id*. Because Berghorst was aware of the road conditions, the element of surprise was negated and his negligence could not be legally excused.

[¶10.] Here the record contains no evidence that anything other than Rang's failure to stop her vehicle or otherwise control it caused the accident.[3] *See Carpenter v. City of Belle Fourche,* 2000 S.D. 55, ¶ 14, 609 N.W.2d 751, 759. No unavoidable accident instruction was given or requested, nor was the jury instructed that Rang's negligence could be legally excused. Rang owed a duty of care to Cooper to maintain control of her vehicle, a duty she breached. Even if we ignore Rang's partial admission of fault, no reasonable jury could have accepted

---

3.   In *Nichols v. Morkert*, this Court upheld a jury verdict of no negligence on similar facts. 85 S.D. 384, 386, 182 N.W.2d 324, 325 (1971). Yet in recent decisions we have cast doubt on *Nichols*. *Steffen*, 2006 S.D. 41, ¶ 15, 713 N.W.2d at 620; *Weber v. Bernard,* 349 N.W.2d 51, 54 n.1 (S.D. 1984).

Rang's account of the accident and concluded that she did not breach her duty of care. Rang offered no non-negligent explanation for her rear end collision. *See Christenson*, 2004 S.D. 113, ¶ 26, 688 N.W.2d at 428. As in *Klarenbeek*, "this case is so clearly onesided that reasonable minds could reach no conclusion other than that" Rang was negligent. *See* 299 N.W.2d at 581. We reverse and remand for entry of judgment for Cooper on Rang's negligence and for a new trial on legal (proximate) cause and damages.

[¶11.]     Reversed and remanded.

[¶12.]     GILBERTSON, Chief Justice and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.