COOPER, Respondent, v. HOLSCHER, Appellant.

(243 N. W. 739.)

(File No. 7210. Opinion filed July 8, 1932.)

*Hepperle & Fuller,* of Aberdeen, and *F. E. Snider,* of Faulkton, for Appellant.

*W. J. Jacobs,* of Faulkton, and *J. M. Berry,* of Ipswich, for Respondent.

POLLEY, J.   This action was brought to recover damages for personal injuries.   The injuries complained of were caused by the same accident that is involved in Morton v. Holscher, recently decided by this court and reported in 60 S. D. 50, 243 N. W. 89. The facts, of course, are exactly the same in both cases and so far as the questions of law are similar, they are disposed of in the Morton Case.   But some questions of law are presented by the record in this case that were not presented in the other, and those questions, so far as necessary for a determination of this case, we shall now proceed to consider.

Appellant contends that counsel for respondent, in his closing argument to the jury, was guilty of misconduct for which a new trial must be granted.   In the course of his closing remarks, counsel asked the jury whether Mr. Snider, who appeared as one of appellant's attorneys, "would, in addition to all his other misfortunes, accept the sum of $5,000.00 for injuries of like character to those received by the plaintiff in this case."   Counsel for appellant took exceptions to this remark upon the ground that it is highly improper and intended and calculated to inflame the minds and passions of the jury, and that it is misconduct of counsel, and

not warranted by anything in this record or anything in this case. The trial judge, in reply to this exception, said: "The court is of the opinion that in the remarks excepted to counsel has not gone beyond the bounds of legitimate argument and the objection is overruled."

Again, counsel put the further interrogatory to the jury: "Would you members of the jury stand out in the middle of the road and be injured like Cooper for $5,000.00?" Defendant excepted to this remark for the reasons stated in the last objection. In response to this exception, the trial judge replied: "The exception is overruled. Proceed, Mr. Berry." This ruling was excepted to, and appellant now very strenuously contends that counsel went entirely beyond the scope of the evidence and appealed to the possion and prejudice of the jury, and that defendant was prejudiced thereby.

In their arguments to the jury, counsel must keep within reasonable bounds, confine themselves to the evidence, and not go beyond the record to appeal to the passions or prejudices of the jury. This, of course, does not prevent them from making reasonable comment on the facts as shown by the evidence or drawing reasonable inferences from the facts. It is a matter that cannot be regulated by any hard and fast rule, but must be left very largely to the sound discretion of the trial judge. In 38 Cyc. at page 1485, the rule is stated as follows: "Counsel should not be subjected to unreasonable restraint in commenting on the evidence, but should be allowed a wide latitude, this being matter for the sound discretion of the trial judge. He may discuss such facts as are in evidence without limit or restriction, but may not urge the jury to predicate their verdict on what they know outside of the evidence"—citing the decisions of many courts.

And in Chicago City Railway v. Creech, 207 Ill. 400, 69 N. E. 919, 920, the rule is stated as follows: "We have held that, in the argument of cases to juries, attorneys must be allowed to make reasonable comment upon the evidence and upon the conduct of witnesses giving testimony; that the interest of public justice requires that counsel should not be subjected to any unreasonable restraint in this regard; that the matter is one which must be left largely to the sound discretion of the presiding judge, it being for

him to say, under all the circumstances of the case and in view of the remarks preceding the argument objected to and the temper and character of the jury, whether or not a new trial should be granted for the misconduct of counsel by way of improper argument to the jury."

But counsel must confine himself to the reasonable scope of the evidence and to issues presented by the evidence. The question for the jury in this case is: What is a fair reasonable compensation to plaintiff for the injuries caused by the accident, and not what a member of the jury would be willing to accept to stand out in the road in front of an approaching automobile and take the risk of being instantly killed? And yet from the manner in which this matter was presented to the jury they may have inferred that it was the latter question rather than the former that they were to answer. The first interrogatory was: "Would Mr. Snyder accept $5,000.00 for injuries such as had been caused to plaintiff?" In response to the objection, the trial judge said: "The court is of the opinion that in the remarks excepted to counsel has not gone beyond the bounds of legitimate argument and the objection is overruled. Proceed, Mr. Berry." Counsel did proceed and put the interrogatory above set out: "Would you members of the jury stand out in the middle of the road and be injured like Cooper for five thousand dollars?" Objection to this remark was overruled, and Mr. Berry was again told to "proceed." This was clearly beyond the issues in the case, and the attitude of the trial judge aggravated the effect of counsel's argument. Such conduct on the part of counsel is generally held to be prejudicial for which a reversal is usually awarded. Wells v. Ann Arbor R. R. Co., 184 Mich. 1, 150 N. W. 340, Ann. Cas. 1917A, 1093, and note appended to same case, Ann. Cas. 1917 A, 1099, where the authorities treating this subject are collected and reviewed.

Other errors are presented by the briefs in this case, but, since such errors were avoided in the Morton Case, there is no likelihood that they will occur on a retrial of this case; therefore it is not necessary to give them further notice here.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.