KLOPPENBURG, Respondent v. KLOPPENBURG, Appellant

(280 N. W. 209.)

(File No. 8113.   Opinion filed June 20, 1938.)

*Danforth &Davenport,* of Sioux Falls, for Appellant.

*L. E. Waggoner* and *R. C. Riter,* both of Sioux Falls, for Respondent.

POLLEY, J.   This is a companion case to Kloppenburg v. Kloppenburg, 66 S. D. 167, 280 N. W. 206, the opinion in which

was recently handed down by this court. In that case Earl Kloppenburg, a 16 year old boy, is the defendant. His father is acting as his guardian ad litem and his mother is the plaintiff. The automobile wreck out of which the cause of action arose in that case is the same wreck that caused the damages alleged in this case. In the rear seat of the automobile at the time of the wreck were riding two younger sisters of the defendant. Evelyn, the older sister, a girl 14 years of age, received some injuries for which she is suing in this case. In this action Lucille Kloppenburg, mother of the plaintiff and defendant is acting as guardian ad litem for the plaintiff, while Edward J. Kloppenburg, father of plaintiff and defendant, is acting as guardian ad litem for the defendant.

The defendant, Earl Kloppenburg, is without ability to pay a judgment and it is not expected by the plaintiff in either case that he will be called upon to respond to any judgment that may be obtained against him. Edward J. Kloppenburg, who owned the car in which the parties were riding, was carrying indemnity insurance on the car and it is the intention of the plaintiffs in both actions to collect from the insurance company the amount of any judgment that they may recover against the defendant, Earl Kloppenburg.

The case was tried to a jury and at the close of the trial a verdict was returned for a very considerable sum in favor of the plaintiff. Judgment was entered upon the verdict. Motion for a new trial was made and denied, and the defendant appeals. Various grounds for reversal are set out and argued by appellant, but the ground principally relied upon by the appellant for a new trial is alleged misconduct of plaintiff's attorney. For the purpose of showing the conduct of counsel that is claimed to have been improper and prejudicial to defendant, defendant filed an affidavit which shows that the following proceedings took place:

During his closing argument to the jury counsel for plaintiff said:

"But that in this case there was a policy of insurance and that the premiums had been paid upon that policy of insurance, and that, therefore, etc."

And again, counsel said:

"We don't want any judgment in this case because there is an insurance company involved, and I am just as insistent as counsel

upon the other side is that you should not give to us one penny be-cause it is an insurance company; but I do insist that the record in this case shows that the insurance company is the real defendant in this action, and that Mr. Kloppenburg is simply the nominal defendant, and that the issues, according to the admissions that have already been made into this record by counsel on the other side, are between those people; and so, when I refer to the defendant in that respect, I refer not to the defendant in name only, but to the real defendant who is defending this case and employing Mr. Davenport as its attorney to do so."

If he did not "want any judgment in this case because there was an insurance company involved," it is difficult to understand just why he was so continually calling the jury's attention to the fact that there was an "insurance company involved." And again, said counsel: "He (Ed Kloppenburg) bought and paid for a policy of insurance, that protected him and protected his son, and why should he not have the benefit; why should not his daughter have the benefit of the policy of insurance that was bought and paid for?"

Counsel for defendant repeatedly objected to this kind of argument on the part of plaintiff's counsel and requested the court to admonish counsel to refrain from such conduct, and to instruct the jury not to give the same any consideration in their deliberations upon the evidence in the case. The court made no effort to restrain counsel in his conduct, but on one occasion in response to objections made by counsel for defendant the court replied:

"And the court will say to the jury that the law on this question of insurance has been given to the jury in the instructions, and they will follow the instructions as given to them."

Again, in reply to defendant's request that the court admonish counsel to cease that course of argument, the court replied: "Well, I am a little afraid of it." And again, on another occasion the court, in reply to counsel's objection, said: "The same ruling as the other. It is the same statement that was made before, two or three times."

The remarks complained of by defendant's counsel are not based on any of the issues in the case. Therefore, they are not proper matter to go to the jury. The purpose of the trial is to ascertain the extent of plaintiff's injuries and the amount that will

reasonably compensate her for such injuries. The fact that there is an insurance company that has bound itself by a policy of insurance to indemnify the defendant to the extent of any judgment that may be recovered against him does not prove or tend to prove any of the issues in the case. Testimony relative to such insurance policy is not competent to go to the jury and it is not proper for counsel, in his argument to the jury, to comment on matters not in issue in the case; and where counsel persists in urging such matter to the jury, especially after objection had been made by opposing counsel as was repeatedly done in this case, it amounts to misconduct for which a reversal may result. In this case counsel not only went outside the issues in the case, but misrepresented the obligation of the insurance company to the plaintiff. The insurance company did not obligate itself to pay anything to the plaintiff. There was no contractual relation between the insurance company and the plaintiff and any mention of or reference to the insurance policy was improper and should not have been permitted by the court.

In discussing the evidence to the jury counsel are to be allowed the widest latitude but they must confine themselves to matters that are properly in issue in the case on the trial. In this case the references to the insurance policy could have no other effect than to inflame the minds of the jury and to prejudice them against the insurance company. This court, from its beginning, has insisted that counsel keep within the issues when arguing cases to the jury and has not hesitated to reverse judgments where counsel have transgressed the rule. State v. Kaufmann, 22 S. D. 433, 118 N. W. 337; Egan v. Dotson, 36 S. D. 459, 155 N. W. 783, Ann. Cas. 1917A, 296; Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873; Id., 10 S. D. 228, 72 N. W. 574; O'Connor v. Bonney, 57 S. D. 134, 231 N. W. 521; Cooper v. Holscher, 60 S. D. 83, 243 N. W. 739.

The judgment and order appealed from are reversed.

All the Judges concur.