2003 SD 123

Lucille SCHOON and John Schoon, husband and wife, Plaintiffs and Appellants,

v.

Thomas L. LOOBY, M.D., an individual, and Sioux Valley Clinic, formerly known as Sioux Valley Physician Alliance, formerly known as Obstetrics and Gynecology, Ltd., a South Dakota corporation, Defendants and Appellees.

No. 22336.

Supreme Court of South Dakota.

Argued March 25, 2003.

Decided Oct. 8, 2003.

John R. Hughes, Sioux Falls, SD, Attorneys for plaintiffs and appellants.

Edwin E. Evans, Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Attorneys for defendants and appellees.

MEIERHENRY, Justice.

[¶ 1.] Lucille Schoon and John Schoon, plaintiffs, appeal a defense verdict in favor of Dr. Thomas Looby, an obstetrician/gynecologist, and his employer, Sioux Valley Hospital. Schoon asserts that defense counsel made improper comments during

final argument which were prejudicial and denied them a fair trial. Schoon appeals the trial court's denial of their motion for a new trial. We reverse and remand.

## FACTS

[¶ 2.] Mrs. Schoon's claim against Dr. Looby and Sioux Valley Hospital is for medical malpractice and intentional infliction of emotional distress stemming from a surgical procedure performed on Mrs. Schoon. Mr. Schoon's claim is for loss of consortium. In 1996, Dr. Looby began treating Mrs. Schoon for a vaginal prolapse condition, which is a weakness or defect in the muscles of the female pelvic floor. To correct the condition, Looby performed a surgical procedure involving a Gore–Tex graft. Schoon claimed that the procedure, had it been successful, would only have corrected part of her condition and that Looby did not obtain her informed consent before the surgery.

[¶ 3.] Subsequent to the surgery, Schoon developed complications and infection which eventually resulted in Looby surgically removing the Gore–Tex graft. Schoon continued to have problems and, eventually, underwent additional surgery at the Mayo Clinic in Rochester, Minnesota after which she experienced no further symptoms.

[¶ 4.] Schoon alleged that Looby was negligent in managing her post-operative care. She also claimed that Looby made comments during her treatment which amounted to reckless or intentional infliction of emotional distress.

[¶ 5.] In final argument, defense counsel made several statements, which Schoon assigns as error. We will first address the propriety of defense counsel's remarks during final argument and second, whether those remarks compel a new trial.

## I. Whether defense counsel's remarks during closing argument were improper.

[¶ 6.] Schoon claims defense counsel's statements misled and inflamed the jury and misstated the facts and the law.[1] The

1. The portions of defense counsel's final argument which Schoon found objectionable are as follows:

    Defense Counsel: I'm going to touch on intentional infliction of emotional distress for a moment. This claim troubles me, not because it has any merit but I don't know Dr. Looby personally. I know him professionally from having associated with him through this trial. I don't think he even knows this but he delivered my second child. I'm sure he doesn't remember it. But he is a quiet, professional person. And to have these accusations made against him troubles me. Why is the claim being made? You know what this type of claim is usually reserved for, this intentional infliction? If I have just so much hate for another person that I call them and tell them that their child just got killed in a motor vehicle accident.
    Plaintiff's Counsel: Your Honor, I'm going to object. It's highly improper. Counsel is testifying about the basis for a cause of action. His personal opinion. Improper personalization of the evidence. It's just designed to inflame the jury and has nothing to do with the facts or the evidence in this case.
    Court: Well, overruled. I'll allow it.
    Defense Counsel: As I say, it's reserved for people that vindictively want to hurt somebody else. Call them up and say your child just got run over and is dead and society doesn't tolerate that. That's where this comes from.
    So, what's it doing in this law suit? Well, let's try to get some punitive damages. I mean, if this is the Lotto or Powerball or whatever they call it, let's really roll the dice big. And how do we do that? We can't do that with a medical malpractice lawsuit. We have to say that Dr. Looby intentionally did something. So, let's see how we can weave this into intentional misconduct, then we can put in his wage reports. And not only that, Sioux Valley, a non-profit corporation that's owned by all of us. Let's show their balance sheet and—

comments fall within four categories: (a) asserting personal opinion and knowledge of a witness, (b) misstatement of the facts, (c) misstatement of the law, and (d) inflammatory statements.

*Asserting Personal Opinion and Knowledge of a Witness*

[¶ 7.] Schoon claims that defense counsel's comments in final argument vouched for the doctor and injected personal knowledge of facts. It is well established in this state that a lawyer is not allowed to state personal knowledge of the facts in final argument. *Binegar v. Day*, 80 S.D. 141, 120 N.W.2d 521, 527 (1963). We have said: "It is not proper for counsel to state facts of his personal experience, or his own knowledge of the facts, unless he has testified thereto as a witness, or to make his argument an avenue for the presentation of unsworn testimony, or for him to insinuate that he has knowledge of facts." *Id.* (citation omitted). Here, defense counsel injected his knowledge of the doctor and his own personal experience with Looby as the physician who delivered his child. Counsel stated:

> This claim troubles me, not because it has any merit but I don't know Dr. Looby personally. I know him professionally from having associated with him through this trial. I don't think he even knows this but he delivered my second child. I'm sure he doesn't remember it. But he is a quiet, professional person.

Plaintiff's Counsel: I object to that, Your Honor. Sioux Valley Hospital is not a publicly owned corporation. That is inappropriate, inaccurate and it is an outrageous statement. It's a private corporation.
Court: Well, it's argument. I'll allow Defense Counsel to make his argument.
Defense Counsel: If that's an outrageous statement, I probably committed some kind of–
   But, in any event, that's all beside the point but why do you do that? Well, let's

And to have these accusations made against him troubles me.

Counsel's comments also served to vouch for the doctor's competence and his professionalism. By using the pronoun "I" followed by an observation about his own witness, an attorney enters questionable territory. It has long been established that an attorney cannot turn his final argument into testimony by comparing his own personal experience with the facts of the case or to vouch for a witness. *Binegar*, 120 N.W.2d at 527; *State v. Goodroad*, 455 N.W.2d 591, 594 (S.D.1990). Counsel here does both by his comment.

[¶ 8.] Not only do the comments vouch for Looby but they also contravene a limiting order requested by the defense. Prior to trial, the defense filed a motion to prevent Schoon from mentioning other malpractice claims against Looby. Two years prior to this trial, defense counsel was the attorney of record in a jury trial also in the second judicial circuit involving a claim for medical malpractice against Looby. The trial court had granted the defense motion prohibiting Schoon "from discussing or implying either the presence or absence of other litigation or claims involving Dr. Looby." Disregarding his own requested order, defense counsel implied that Looby had not been involved in prior malpractice claims. He further misled the jury with his comment that he had only associated with Looby "through this trial." Using a motion to prevent opposing counsel from

show some real money and then go after it. We got sympathy on the one end and now let's punish him by showing we have a doctor who has been successful with his life and he and his wife own some assets as he approaches retirement and let's show them Sioux Valley Clinic. Yeah, that's the ticket. Now we are on the way. Powerball here we come.

· · ·

mentioning other lawsuits and then injecting into final argument statements that counsel's only knowledge of the doctor was through this lawsuit was prejudicial to the opposing side.

[¶ 9.] The trial court erred by overruling the objection.

*Misstatement of the Facts*

■■■ [¶ 10.] Counsel has wide latitude to comment on the facts; however, counsel must confine the comments to a "reasonable scope of the evidence and to issues presented by the evidence." *Cooper v. Holscher*, 60 S.D. 83, 243 N.W. 739, 740 (1932). In the present case, defense counsel stated in final argument that Sioux Valley Hospital is a nonprofit corporation owned by all of us. The statement was as follows:

> Defense Counsel: . . . And not only that, Sioux Valley, a non-profit corporation that's owned by all of us. Let's show their balance sheet and—
>
> Plaintiff's Counsel: I object to that, Your Honor. Sioux Valley Hospital is not a publicly owned corporation. That is inappropriate, inaccurate and it is an outrageous statement. It's a private corporation.
>
> Court: Well, it's argument. I'll allow Defense Counsel to make his argument.

Evidence that Sioux Valley Hospital is owned by "all of us" is a misstatement of fact. Evidence at trial was that Sioux Valley Hospital was a private nonprofit hospital owned by Sioux Valley Hospitals & Health Systems.

[¶ 11.] Not only was this a misstatement of fact but it also was an attempt to persuade by improper means. The false implication to the jury could only be interpreted as an attempt to convince the jurors that if Sioux Valley had to pay, the jurors as "owners" would in some way have to pay. Comments of this nature

have been found prejudicial in similar cases. In *Kloppenburg v. Kloppenburg*, comments by plaintiff's counsel that the defendant was insured and that the real party in interest was the insurance company prompted a new trial. 66 S.D. 174, 280 N.W. 209, (1938). Prejudice was found in a condemnation case in which the state's lawyer misstated the measure of damages and told the jury that their verdict would set the price for "what the State of South Dakota is going to pay for land north of Spearfish clear to the Wyoming line." *State Highway Commission v. Beets*, 88 S.D. 536, 224 N.W.2d 567, 568 (S.D.1974). In a criminal case, the prosecutor's community conscience argument invited reversal because he argued that the jurors should convict the defendant of driving while intoxicated because they could be the next fatality of a drunk driver. *State v. Blaine*, 427 N.W.2d 113, 115 (S.D.1988).

[¶ 12.] Here, the jury was to decide if Looby committed malpractice and, if so, set the amount of plaintiff's damages. Who would have to pay for those damages–whether defendant, defendant's insurance company or members of the public needing medical services–was not proper comment to the jury. See SDCL 19–12–13, *see also LDL Cattle Co. v. Guetter*, 544 N.W.2d 523, 529 (S.D.1996). Plaintiff counsel's objection should have been sustained.

*Misstatement of the Law*

■■ [¶ 13.] The court has the responsibility to instruct the jury on the law and, in this case, the court properly instructed the jury on the factors constituting intentional infliction of emotional distress. The jury instruction that the trial court gave, required first, that there be outrageous and extreme conduct and second that the actor intended or acted recklessly in causing the emotional distress. Contrary to the instruction, Defense counsel tells the

jury that a claim for intentional infliction of emotional distress requires proof of vindictiveness and hate. There is no element of hate or vindictiveness in intentional infliction of emotional distress. Although there is an intent element there is no requirement that the intent must be vindictive or hateful in nature. Counsel clearly misstated the law and the trial court erred by not sustaining the objection.

*Using Inflammatory Statements*

[¶ 14.] A lawyer cannot make statements meant to inflame the jury. Statements meant to inflame the jury go beyond summarizing the evidence and are designed to appeal to emotion and prejudice. *State v. Smith,* 1999 SD 83, ¶¶ 48–50, 599 N.W.2d 344, 354–55. "This improper type of argument cuts to the heart of juror independence." *Smith,* 1999 SD 83, ¶ 48, 599 N.W.2d at 354. We disapproved of inflammatory statements in *Anderson v. Johnson,* 441 N.W.2d 675 (S.D.1989). In *Anderson,* defense counsel launched into an invective about lawsuits. In closing argument, defense counsel stated that this country was an "over-lawyered, litigious, sue-happy country" and that "there is a phenomenon growing up that is know[n] here as the litigation industry." *Id.* at 677. We found those statements "unprofessional, offensive, and exceed[ing] the proper bounds of trial advocacy." *Id.* The prosecutor's use of inflammatory statements in *Smith* were also found unprofessional and prompted by an attitude of "win-at-all-costs." *Smith,* 1999 SD 83, ¶ 49, 599 N.W.2d at 354. Conduct of this nature "scars the judicial system" and diminishes faith in the fairness of the system. *Id.* at 355. As we have stated in

prior cases, lawyers may present cases vigorously and "strike hard blows," but they are "not at liberty to strike foul ones." [2] *Id.* (citing *State v. Blaine,* 427 N.W.2d 113, 116; citing *Viereck v. United States,* 318 U.S. 236, 248, 63 S.Ct. 561, 566–67, 87 L.Ed. 734, 741 (1943)).

[¶ 15.] Defense counsel struck foul by his accusations that Schoon's lawsuit was nothing more than playing the lottery. He argued as follows:

> Well, let's try to get some punitive damages. I mean, if this is the Lotto or Powerball or whatever they call it, let's really roll the dice big.
>
> . . .
>
> But, in any event, that's all beside the point but why do you do that? Well, let's show some real money and then go after it. We got sympathy on the one end and now let's punish him by showing we have a doctor who has been successful with his life and he and his wife own some assets as he approaches retirement and let's show them Sioux Valley Clinic. Yeah, that's the ticket. Now we are on the way. Powerball here we come.
>
> . . .

[¶ 16.] Looby argues that since Schoon did not specifically object to the "powerball" statements during closing argument, Schoon has waived this issue for appeal. Schoon, however, objected the first time defense counsel used the "powerball" argument and the misstatement concerning Sioux Valley's ownership. Schoon additionally cited the "powerball" statements as partial grounds for the Motion for a New Trial. Therefore, the matter was preserved for appeal and will be reviewed by this Court.

---

**2.** The prosecutor in Smith called the defendant a "monster" and a "pervert." *Smith,* 1999 SD 83, ¶ 41, 599 N.W.2d at 353.

[¶ 17.] Defense Counsel's accusation that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself and impugned the trial court's judgment of allowing the punitive damage claim to proceed. The comments denigrated the fairness, integrity, and public perception of the judicial system. Counsel's reference to playing "lotto" or "powerball" or "rolling the dice" were only meant to inflame the jury and were beyond the bounds of proper final argument. These comments would not have gone unheeded by the jury. The judge and jury rely on the lawyers to present their arguments to help the jury sort out the evidence and understand how the law applies to the facts. Interposing remarks such as we see here add nothing to that objective and can only be meant to persuade the jury to decide the case based on passion and prejudice.

**II. Whether the trial court erred by not granting the plaintiff a new trial because of defense counsel's improper remarks.**

[¶ 18.] We review the trial court's ruling on whether to grant a new trial because of counsel's misconduct in closing argument on an abuse of discretion standard. *Behseleck v. Andrus*, 60 S.D. 204, 244 N.W. 268, 271 (1932). A new trial can be granted as provided in 15–6–59(a)(1) if there is "[i]rregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial." We have previously stated that a party should not be deprived of a favorable verdict because of improper conduct of counsel unless there is prejudice. *Roth v. Farner–Bocken Co.*, 2003 SD 80, ¶ 37, 667 N.W.2d 651, 664. Further,

> We recognize that "counsel are allowed wide latitude in argument and that a court should not too narrowly limit the manner and form of presentation and the inferences and conclusions to be drawn from the evidence, so long as unfair means are not employed to prejudice the jury." *Binegar v. Day*, 80 S.D. 141, 151, 120 N.W.2d 521, 527 (1963). Furthermore, a plaintiff should not be penalized for the misstatements of his counsel and the granting of a new trial should not be used to discipline counsel. An appellate court should interfere only when from an examination of the entire record, it is convinced that there has been a miscarriage of justice.

*Id.* "[W]hether or not error is prejudicial generally depends upon the circumstances of a particular case." *Binegar*, 120 N.W.2d at 527 (citing *Bean v. Best*, 77 S.D. 433, 93 N.W.2d 403, 410 (S.D.1958)). Error is prejudicial if it most likely has had some effect on the verdict and harmed the substantial rights of the moving party. As we have stated:

> [A] new trial may follow only where the violation has prejudiced the party or denied him a fair trial. Prejudicial error is error which in all probability produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it.

*Harter v. Plains Ins. Co., Inc.*, 1998 SD 59, ¶ 32, 579 N.W.2d 625, 633.

[¶ 19.] The trial judge has the sole responsibility to instruct the jury on the law and to conduct the trial in a manner that insures the parties a fair trial. Frequently, jurors come to court with preconceived and erroneous expectations of their responsibilities and the applicable law. A judge should not assume that the jury will always be able to discern misstatements or disregard inflammatory comments without direction from the judge. Although the attorneys are given

leeway in final argument, it is not unfettered.

[¶ 20.] Here, the trial court gave the attorneys wide latitude in final argument and by doing so condoned the improper comments. Schoon claims the impact of the improper comments on the jury is evidenced by the quick jury verdict. The jury returned a defense verdict in less than one hour of deliberation following five days of trial. The record reflects over one-thousand pages of testimony which included medical expert testimony from both sides.

[¶ 21.] In rejecting Schoon's motion for a new trial, the trial court reasoned that after five days of trial, two or three statements by defense counsel would not have changed the course of the trial or caused the jurors to reach a different verdict. The proper inquiry on whether a new trial should be granted is not whether the jury would have reached a different verdict. That would be almost impossible to prove without invading the jury deliberation process. The proper inquiry is whether, under the circumstances of the case, the error produced some effect upon the verdict and harmed the substantial rights of the moving party and whether the party has been denied a fair trial.

[¶ 22.] A review of the circumstances of this case supports a conclusion that in all probability the comments of defense counsel in final argument produced some effect upon the verdict and harmed the substantial rights of the plaintiff. The errors began when the trial court repeatedly overruled the plaintiff's objections to defense counsel's improper remarks which allowed counsel to continue with the objectionable line of argument. The jurors had no indication that it was improper and that they should disregard the comments. The trial court overruled each of the objections by stating the comments were allowed as "argument." The trial court's failure to sustain the objections or admonish counsel, in effect, condoned the comments and gave credence to the improper remarks. *See Cooper v. Holscher*, 60 S.D. 83, 243 N.W. 739 (1932).

[¶ 23.] Although the errors are predicated on only a portion of the defense counsel's final argument at the conclusion of a five-day trial, we nonetheless conclude that based on the circumstances of this case that the comments were prejudicial and deprived Schoons of a fair trial. We reverse the trial court and remand for a new trial.

[¶ 24.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, and GORS, Circuit Court Judge, concur.

[¶ 25.] GORS, Circuit Court Judge, sitting for ZINTER, Justice, disqualified.