2005 SD 9

**Douglas and Cindy LOEN, Plaintiffs and Appellants.**

**v.**

**Roberta J. ANDERSON, Defendant and Appellee.**

**No. 23109.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 23, 2004.

Decided Jan. 19, 2005.

David J. King and Grant G. Alvine of Alvine & King, Sioux Falls, South Dakota, Attorneys for plaintiffs and appellants.

Mark J. Welter of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

LOVRIEN, Circuit Judge.

[¶ 1.] Douglas and Cindy Loen (Loens) appeal a judgment entered in their favor following a jury trial. They claim 1) the trial court did not properly instruct the jury, 2) that the jury failed to award pre-judgment interest, and 3) that the trial court abused its discretion when it denied their motion for a new trial. We reverse and remand.

## FACTS AND PROCEDURE

[¶ 2.] Loens commenced a personal injury action against Roberta Anderson (Anderson) arising out of a motor vehicle accident that occurred on October 4, 1998. Anderson struck Loens' vehicle after she failed to stop at an intersection. The resulting collision caused serious physical injury to Douglas. Cindy was not injured. Anderson admitted liability for the accident and the issue of damages was the sole issue tried to the jury.

[¶ 3.] The jury returned an award in favor of Loens in the amount of $20,000. The trial court entered judgment in favor of Loens for this amount. The jury did not award pre-judgment interest and the trial court did not include pre-judgment interest in its judgment.

[¶ 4.] On August 20, 2003, Loens moved for a new trial pursuant to SDCL 15-6-59(a). The trial court denied the motion for a new trial after reviewing the entire record, trial transcript, briefs submitted by both parties and considering the arguments made by counsel. Loens filed their notice of appeal on January 15, 2004. While Loens raised three issues on appeal, we need only address two: [1]

Whether the trial court abused its discretion in denying Loens' motion for a new trial.

Whether error was committed when the jury did not award pre-judgment interest.

## STANDARD OF REVIEW

[¶ 5.] Whether a new trial should be granted is left to the discretion of the trial court. This Court will not disturb the trial court's decision absent a clear showing of an abuse of discretion. *Dartt v. Berghorst,* 484 N.W.2d 891, 894 (S.D.1992). We give great deference to a trial court's findings of fact, but we review questions of law de novo, with no deference given to a trial court's legal conclusions. *City of Colton v. Schwebach,* 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771. Under the abuse of discretion standard, it is not just error that must be demonstrated, but it must be shown to be prejudicial error. *State ex rel Dep't of Transp. v. Spiry,* 1996 SD 14, ¶ 11, 543 N.W.2d 260, 263. Prejudicial error is error which in all probability had an effect upon the jury's verdict and is harmful to the substantial rights of the party assigning the error. *Harter v. Plains Ins. Co., Inc.,* 1998 SD 59, ¶ 32, 579 N.W.2d 625, 633. "An appellate court should interfere only when from an examination of the entire record, it is convinced that prejudicial error has resulted in a miscarriage of justice." *Schoon v. Looby,* 2003 SD 123, ¶ 18, 670 N.W.2d 885, 891.

## ANALYSIS AND DECISION

### ISSUE ONE

[¶ 6.] **Whether the trial court abused its discretion in denying the Loens' motion for a new trial.**

---

1. Loens also appealed the failure of the trial court to give a requested instruction. Because the issues raised in the requested instruction were adequately addressed by the trial court's instructions and given our decision on Issue One, we need not further address this issue.

[¶ 7.] Loens' motion for a new trial was based on a claim of repeated and intentional violations of the trial court's orders in limine and other evidentiary rulings during the course of the trial by Anderson's attorney, Mark J. Welter (Welter). In its findings of fact and conclusions of law the trial court specifically found that while Welter had intentionally violated the court's orders, those violations were not so prejudicial as to deny Loens a fair trial. On appeal, Loens argue that given Welter's conduct at trial it was an abuse of discretion for the trial court to deny their motion for a new trial. We agree.

[¶ 8.] Motions in limine are heard in advance of trial and seek a court order requiring the parties not to discuss or disclose certain facts that the court deems to be prejudicial. Motions in limine have long been favored by this Court. The purpose of these motions is to prevent prejudicial information from reaching the ears of the jury. *See Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). This is based on the recognition that when prejudicial matters are brought before the jury no amount of objection or instruction can entirely remove the harmful effect. *Kjerstad v. Ravellette Publications, Inc.*, 517 N.W.2d 419, 426 (S.D.1994). "Once the question is asked, the harm is done." *Id.*

[¶ 9.] Both before and during trial, Loens made various motions in limine seeking specific evidentiary rulings from the trial judge as to what was to be admissible during trial. Based on these motions, the trial court ruled that there was to be no discussion of prior or subsequent injuries, pre-existing medical conditions or the speed of the vehicles at the time of the accident.[2]

[¶ 10.] The court specifically granted Loens' motion precluding Welter from bringing any information regarding any of their prior or subsequent health conditions or injuries before the jury.[3] The order was specific in its prohibitions and was further clarified for Welter by the trial court before opening statements.

[¶ 11.] Despite the specificity of the order, Welter repeatedly violated its terms. Beginning with his opening statement, Welter referenced Douglas' possible pre-

---

2.  Anderson does not challenge these rulings on appeal.

3.  Loens' motion in limine asked that Welter be restrained from mentioning "[a]ny evidence, arguments, reference, testimony or other, concerning any other injury, [or] prior or subsequent automobile accident(s). Any alleged pre-existing or subsequent condition, injury, auto accident or illness of the Plaintiff which contributes to his current condition is not admissible unless and until the Defendant produces competent medical evidence to support a causal connection between such alleged condition or injury and the injuries or impairment being discussed in this case."

In granting the motion in limine, the following exchange took place:

Judge Erickson: Motion Granted. It doesn't seem to me to be relevant. You have an obligation to come in with an expert to tell us with reasonable medical certainty that this is reasonably the same, otherwise you are not going there. That's granted.

Welter: I wanted to make sure, are we allowed to share with the jury any information that is contained in the medical records that the parties have stipulated into evidence?

Judge Erickson: [The medical records] may show he had flu shots when he was 12 . . . it's in there, but it doesn't mean anything to this case. It has to be relevant. Unless you can show some relevance an objection to relevancy will be sustained. What I am telling you right now based upon what I have reviewed, you haven't met your burden to even present it to the jury.

existing rotator cuff tendonitis.[4] Loens, outside the presence of the jury, moved for a mistrial. That motion was denied. Welter thereafter continued to violate the trial court's order.

[¶ 12.] Welter asked Douglas "how long have you been a diabetic?" Loens were forced to object and the trial judge sustained the objection. In the next immediate question, Welter asked "did you go to St. Mary's Healthcare Center for a stress test?" Loens were again forced to object in front of the jury. The trial judge admonished the jury and sent them out. He then admonished Welter, once again, that the prior health conditions were not related to the auto accident. This did not stop Welter. In his very next question he asked, "On the day of the accident were you taking any prescription medication?" A bench conference ensued. This discussion was followed by yet another violation when Welter asked, "[w]ere there any side effects you were aware of in taking the blood pressure pill?" Welter then again violated the order by inquiring into Douglas' prior and subsequent chiropractic use. Finally, he violated the ruling on the motion in limine concerning Cindy when he asked about a subsequent injury that she possibly sustained.

[¶ 13.] As previously mentioned, prior to trial Anderson admitted liability for the accident. In light of this admission, the trial judge ruled that the speed of the vehicles was not relevant to the issue of damages during the course of the trial.[5] Welter repeatedly chose to violate this ruling as well. He questioned Douglas about the speed of the vehicles at the time of the accident. The court reminded him that this line of questioning was not relevant. This also did not deter Welter. He called Anderson to the stand and asked her, "do you know how fast you were going at the time?" He followed this with a reference to the accident report. At this time, Loens objected and the court admonished the jury on the issue as follows:

> Ladies and Gentlemen of the Jury, there's been testimony in this case of the speed of the vehicle being anywhere from 10–30 miles per hour. That is not an issue in this case. It has no bearing on the issue of damages, the extent of damages, or what went on, so you are to disregard any testimony concerning it.

[¶ 14.] It was only after this admonishment that Welter moved to admit the accident report outside the presence of the jury. The trial court again admonished him for his actions, and stated that neither the accident report nor the speed of the vehicles were relevant to the issue of damages.[6] Yet, this clear and direct explana-

---

4. Welter indicated: "Dr. Van Demark's diagnosis at that time was, his opinion was, he had a resolving left rotator cuff tendonitis, and also noted some arthritis in the AC joint that is not related to the motor vehicle accident, but preexisted."

5. Welter questioned from the accident report in regards to the speed of the vehicles at the time of the accident. Loens objected, at a bench conference the court persuaded Welter to change his line of questioning. Later, while questioning Douglas, Welter asked "[t]here you indicated to him that you were struck at 30 miles an hour; right?" Judge Erickson, on the record, stated that the speed of the vehicles was not relevant. "I told you that was not relevant. Move along."

6. Judge Erickson: "[F]irst of all, the time to raise this was every time we took a break instead of consistently trying to introduce this evidence. Now you have admitted liability and admitted you caused the accident and to an extent caused the injury. You haven't brought in any expert to say at the time that at 10 miles an hour this wouldn't have happened or at 30 miles this would have happened, have you? ... [The exhibit] is not material to anything in this case.... When I tell you those things at side bar, if you want to raise them and make a further record, every

tion of the court's ruling was not enough to prevent Welter from violating it again. During closing argument, he stated that the jury would see in the medical records several references to the speed being 30 miles per hour, yet his client testified that she was going 20 miles per hour. That line of argument was objected to and sustained. The court was forced to remind Welter of his ruling. Seemingly unphased, Welter again violated the ruling. This resulted in another admonition to the jury to disregard any comments about the speed of the vehicles.

[¶ 15.] As we noted earlier, this Court will not interfere with a trial court's denial of a motion for a new trial unless we are convinced that prejudicial error has occurred. "Whether or not error is prejudicial generally depends on the circumstances of the particular case." *Schoon*, 2003 SD 123, ¶ 18, 670 N.W.2d at 891 (quoting *Binegar v. Day*, 80 S.D. 141, 151, 120 N.W.2d 521, 527 (1963)). One isolated event may not rise to the level of prejudice; its effect on the case being so subtle as to go undetected by a jury. However, a repeated course of conduct may rise to the level of prejudice.

[¶ 16.] In previous decisions, this Court has held that the intentional introduction of prejudicial evidence through a violation of a motion in limine can serve as the basis for a new trial. *First Premier Bank v. Kolcraft Enterprises, Inc.*, 2004 SD 92, ¶ 6, 686 N.W.2d 430, 436; *State v. Wright*, 1999 SD 50, ¶ 28, 593 N.W.2d 792, 804; *City of Sioux Falls v. Johnson*, 1999 SD 16, ¶ 28, 588 N.W.2d 904, 910; *Harter*, 1998 SD 59, ¶ 31, 579 N.W.2d at 633; *Robbins v. Buntrock*, 1996 SD 84, ¶ 6, 550 N.W.2d 422, 425; *Kjerstad*, 517 N.W.2d at 426–27 (citing *Northern Trust Bank v. Carl*, 200 Ill. App.3d 773, 146 Ill.Dec. 488, 558 N.E.2d 451, 456 (1990)). While these earlier decisions often dealt with an inadvertent and limited violation of a court's orders, in *Kjerstad*, we faced a claim of numerous violations of four motions in limine. *Kjerstad*, 517 N.W.2d at 426. To resolve the issues in *Kjerstad*, this Court adopted a standard used in a series of Illinois cases: For such a violation to serve as the basis of a new trial the order granting the motion must be specific in its prohibitions, the violation(s) of the order must be clear, and the violation(s) must prejudice the party asserting error. *Id.* (citing *Northern Trust Bank*, 146 Ill.Dec. 488, 558 N.E.2d at 456).

[¶ 17.] Applying that standard to the facts in *Kjerstad*, we determined that the trial court's orders were specific, the violations of the orders were clear and there was prejudice. *Id.* at 426–27. Therefore, we reversed and remanded for a new trial. *Id.* at 428. The facts before us now present an even more aggravated situation. The record reveals at least ten violations of the trial court's orders, a half dozen admonishments from the bench, and a myriad of objections from Loens.

[¶ 18.] Loens sought to protect themselves from the introduction of prejudicial information through a properly entered motion in limine. The trial court's resulting order in limine and other rulings were sufficiently clear and specific to put Welter on notice of those issues he was not to present to the jury. Nevertheless, Welter clearly violated these court orders numerous times. Therefore, the only question remaining is whether Welter's conduct was prejudicial to the Loens.

---

time we took a break I asked if there was something that we needed to put on the record, nobody did. That's the time to do it instead of keeping ramming it in front of the jury because every time my ruling was the same. It's not material to anything."

[¶ 19.] There are several factors that can be considered in determining whether the presentation of information in violation of such an order has prejudiced a party. These include whether the prejudicial information was intentionally solicited in violation of the order or was instead inadvertent; whether the violation repeatedly occurred; whether the information solicited was of an inflammatory nature; whether the violation was curable through instruction from the trial court; whether the information was likely to confuse the jury; and, whether the information was likely to have an improper effect on the jury's verdict. *See Honaker v. Mahon,* 210 W.Va. 53, 552 S.E.2d 788, 795 (W.Va.2001).

[¶ 20.] From the record before us, it is clear Welter repeatedly violated the trial court's orders and rulings. The trial court found these violations were intentional. This finding is supported by the evidence. Because Welter's conduct was intentional, his conduct can not be said to have occurred as a result of the heat of battle or during the passion of argument. These were clearly not inadvertent mistakes. Rather, Welter's actions demonstrated a deliberate and repeated attempt to solicit evidence before the jury that the trial court excluded. If Welter had wanted the trial court to reconsider its prior rulings and admit certain evidence he was free to make that request outside the presence of the jury. Instead, he chose to violate the court's order and rulings.

[¶ 21.] There is no magic number of violations that will result in a finding of prejudice.[7] However, after our review of the complete trial record, it is apparent that Welter's misconduct permeated the entire proceeding, from opening statement to final argument. His conduct was calculated to have an improper and prejudicial effect on the jury's verdict.[8] His repeated misconduct could not reasonably be cured through instruction by the trial court. As a result, we conclude that Welter's misconduct prejudiced Loens and denied them a fair trial. The trial court should have granted Loens' motion for a new trial and abused its discretion by failing do so. Therefore, the judgment of the trial court is vacated and the matter is remanded for a new trial.

### ISSUE TWO

[¶ 22.] **Whether error was committed when the jury did not award pre-judgment interest.**

[¶ 23.] Under the instructions of the trial court, the jury returned a verdict awarding no pre-judgment interest. The

7. It is useful to remember that in a practical sense, almost all evidence introduced at trial is prejudicial to one side or the other. It is evidence that is improperly prejudicial, in light of the rules of evidence, that we seek to keep from the jury. In granting a motion in limine, the trial court makes a determination that the evidence in question is improperly prejudicial. Its introduction would in some way improperly influence the jury and diminish the chance for a fair trial. The fundamental question, then, is how much exposure by the jury to this improperly prejudicial evidence can occur before a trial judge or appellant court must conclude that for there to be a fair trial there must be a new trial.

8. Based on the record before us, it appears Welter's conduct can not be explained as anything other than a calculation by him that the intentional and repeated violation of the trial court's orders in limine would help his case by improperly prejudicing Loens before the jury. It appears Welter calculated that the benefit to his case, and the corresponding prejudice to Loens, was substantial enough to even justify putting his own license to practice law at risk. If the prejudice was substantial enough to be worth this risk at trial, then the prejudice to Loens must have been substantial indeed. On appeal, Welter will not be heard to claim otherwise.

trial court also did not include pre-judgment interest when it entered its judgment. Loens argue on appeal that it was error to enter judgment without an award of pre-judgment interest. While in her brief Anderson admitted that Loens were entitled to pre-judgment interest on the original judgment calculated from the date of the accident, there appears to be some confusion as to how this issue should be handled at trial. We will address this issue to clarify the procedure to be used at retrial.

[¶ 24.] In the State of South Dakota:

Any person who is entitled to recover damages ... is entitled to recover interest thereon from the day that the loss or damage occurred.... If there is a question of fact as to when the loss or damage occurred, pre-judgment interest shall commence on the date specified in the verdict or decision.... If necessary, special interrogatories shall be submitted to the jury. Pre-judgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if pre-judgment interest is awarded, it shall be the Category B rate specified in § 54–3–16. *The court shall compute and award the interest provided in this section and shall include such interest in the judgment in the same manner as it taxes costs.* (emphasis added).

SDCL 21–1–13.1.

[¶ 25.] An award of pre-judgment interest is mandatory. *Alvine v. Mercedes–Benz of North America,* 2001 SD 3, ¶ 29, 620 N.W.2d 608, 614. When instructing the jury as to pre-judgment interest they must be told that the interest is mandatory when damages are recoverable and not within their discretion. *Id.* The instructing court shall request that the jury determine the amount of loss and the date such loss occurred. *Id.* Addition-

ally, pursuant to SDCL 15–6–49(b), special interrogatories should be used to help the court determine the amount of damages that the jury has awarded for economic loss. If such interrogatories are used, the jury must be instructed in such a way that enables them to answer not only the general verdict form, but also the special interrogatory. It is the jury's duty to determine and identify the amount of economic loss, if any, and the date the loss occurred. It is then the court's duty, based on the jury's determination, to compute the amount of pre-judgment interest to be awarded and to include that amount in its judgment.

## CONCLUSION

[¶ 26.] The trial court entered various orders in limine before and during the trial of the case. The trial court's orders were specific in their prohibitions. Welter's violations of those orders were clear and intentional. Loens were prejudiced by Welter's misconduct and were denied a fair trial. Consequently, they are entitled to a new trial with a proper instruction to the jury concerning pre-judgment interest.

[¶ 27.] Reversed and remanded.

[¶ 28.] LOVRIEN, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 29.] GORS, Circuit Judge, for ZINTER, Justice, disqualified.

[¶ 30.] GILBERTSON, Chief Justice, and KONENKAMP and MEIERHENRY, Justices, and GORS, Circuit Judge, concur.