#25205, #25212-a-JKK

**2009 SD 110**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

GREGG W. AND SHARON K.
SCHWARTZ,                                             Plaintiffs and Appellants,

    v.

SALLY R. MORGAN,                                     Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE STEVEN R. JENSEN
Judge

\* \* \* \*

SABRINA L. SAYLER of
Crary, Huff, Inkster, Sheehan,
  Ringgenberg, Hartnett & Storm, PC          Attorneys for plaintiffs
Dakota Dunes, South Dakota                    and appellants.

ROBERT B. DECK of
Deck Law                                      Attorneys for defendant
Sioux City, Iowa                              and appellee.

\* \* \* \*

ARGUED ON NOVEMBER 19, 2009

OPINION FILED **12/22/09**

KONENKAMP, Justice

[¶1.] A purchaser of residential real estate brought suit against a seller for fraudulent concealment of the fact that the driveway encroached on a neighbor's property. The jury returned a verdict in favor of the purchaser. Holding that there was insufficient evidence that the seller was aware of the encroachment, the circuit court granted a judgment notwithstanding the verdict. Because we find that the seller owed no duty to the purchaser by the time the suit was commenced, we affirm.

## Background

[¶2.] In 1997, Gregg and Sharon Schwartz purchased a residence at 53 Sunset Drive from Sally Morgan. The home sits on one of several lots in Riv-R-Land Estates in Union County, South Dakota. The Schwartzes did not personally have the property surveyed, but instead relied on the survey obtained by their mortgage company. In 2002, the Schwartzes decided to sell the house. A potential purchaser had the property surveyed in contemplation of the sale. The survey revealed that three quarters of the driveway encroached on the neighbor's lot. The Schwartzes attempted to rectify the problem, but the sale could not be saved in time. They were eventually able to resolve the boundary and encroachment issues and sell the house to another buyer, but not without much time and expense.

[¶3.] Sally Morgan originally purchased the lot in the early 1970s. The legal boundaries for Morgan's lot, as well as her neighbors' lots, ran, as the circuit court phrased it, "square with a waterway canal directly behind each lot." But the road and the canal were not parallel. Consequently, the homes and driveways were

constructed to run square with the road so that they sat at an angle to the boundary lines of each property. Each homeowner treated the property lines as though they ran square to the road. In treating the lines in this way, Morgan and her neighbors mowed and cared for portions of property not their own.

[¶4.] In 1990, a homeowner near Morgan wanted to construct a detached garage on his property. The desired location of the garage would not satisfy the required setbacks between neighboring properties. That property owner, Morgan, and other neighbors executed an agreement to change the property lines to conform to the way the owners treated their properties. This re-platting agreement was filed with the register of deeds. But after failing to obtain the consent of all the neighbors, the re-plat was vacated. The vacation was also filed with the register of deeds, and the property owners continued to treat their property lines as if they ran square to the road.

[¶5.] In 2005, after resolving the encroachment and boundary issues at 53 Sunset Drive, the Schwartzes brought suit against Sally Morgan. They alleged that she (1) failed to provide a disclosure statement as required by SDCL 43-4-38, which should have revealed the lot lines and consequent boundary problems, as well as the encroachment caused by the driveway, (2) negligently failed to provide the disclosure statement, and (3) fraudulently concealed the true facts regarding the boundary problems. Morgan moved for summary judgment alleging that the Schwartzes' claims were barred by the expiration of the applicable statute of limitations, as well as by waiver and equitable estoppel. After a hearing on the motion, the court granted summary judgment in part. It held that the statute of

limitations expired on the Schwartzes' claim against Morgan under SDCL 43-4-38 *et seq.* The court also granted summary judgment against the Schwartzes on their negligence claim. As to the fraudulent concealment claim, the court ruled that the statute of limitations had not expired. The court also concluded that there was an issue of fact on whether the Schwartzes had constructive notice of the title defects.

[¶6.]    At the close of trial, Morgan moved for a directed verdict. The court held the motion in abeyance, and the case was submitted to the jury. The jury returned a verdict in favor of the Schwartzes, awarding them $30,144.88 in damages. Morgan moved for a judgment notwithstanding the verdict, or in the alternative, a new trial. She asserted that the applicable statute of limitations had run on the Schwartzes' claim, the claim for fraudulent concealment was not a recognized cause of action in South Dakota, there was insufficient evidence to present the claim for fraudulent concealment to the jury, and the merger doctrine precluded any claim by the Schwartzes. The court granted Morgan a judgment notwithstanding the verdict. Although it recognized a valid fraudulent concealment claim and held that the statute of limitations had not expired, it declared that there was no evidence to support the jury's verdict because (1) there was no proof "that any 'title problems' existed at the time [Morgan] purchased the subject property," (2) the re-plat alone did not establish that Morgan was aware of "any problems relating to establishing lot lines/boundaries," and (3) there was no evidence that Morgan knew of any encroachment at the time of the sale in 1997.

[¶7.]     On appeal, both the Schwartzes and Morgan advance several

assignments of error, but we find one question dispositive:  did the circuit court err

when it held that Morgan owed a duty to the Schwartzes under SDCL 20-10-2? [1]

**Analysis and Decision**

[¶8.]     Morgan challenges the circuit court's ruling that she owed a duty to

the Schwartzes under SDCL 20-10-2.[2]  "One who willfully deceives another, with

intent to induce him to alter his position to his injury or risk, is liable for any

damage which he thereby suffers."  SDCL 20-10-1.  The Schwartzes' fraudulent

concealment claim is premised on the following definition of deceit:  "[t]he

---

1.     Our standard of review on motions for a directed verdict and judgment
       notwithstanding the verdict is well established:

> We must examine the evidence in the light most favorable to the
> non-moving party and give him the benefit of all reasonable
> inferences.  The moving party is entitled to evidentiary
> consideration only where its evidence is uncontradicted or tends
> to amplify, clarify or explain the evidence in support of the
> verdict of the jury for the prevailing party.  In such a context, it
> becomes our task to review the record and determine whether
> there is any substantial evidence to allow reasonable minds to
> differ.  This court does not weigh the evidence and substitute its
> judgment for that of the jury.  The decision of the jury is likely to
> be upheld as questions of negligence . . . are for the
> determination of the jury in all except the rarest of instances.

       Kuper v. Lincoln-Union Elec. Co., 1996 SD 145, ¶36, 557 NW2d 748, 759
       (quoting Bridge v. Karl's, Inc., 538 NW2d 521, 523 (SD 1995) (internal
       citations omitted)).

2.     The Schwartzes' complaint alleged that Morgan "deliberately concealed the
       true facts regarding the title, lot lines, and encroachments associated with
       the real property."  They did not specifically allege deceit under SDCL ch. 20-
       10.  At trial, however, the court instructed the jury under the theory of
       fraudulent concealment as part of SDCL ch. 20-10 because the Schwartzes
       argued that their claim should be submitted under the deceit theory and
       Morgan did not challenge the sufficiency of the Schwartzes' pleading.

suppression of a fact by *one who is bound to disclose it*, or who gives information of other facts which are likely to mislead for want of communication of that fact[.]" *See* SDCL 20-10-2(3) (emphasis added). Here, the court concluded that Morgan was "one who is bound to disclose" based on the fact that she was required to provide a disclosure statement under SDCL 43-4-38.[3] The court then held that the disclosure requirements of SDCL 43-4-44 delineated the scope of Morgan's duty.[4]

---

3. SDCL 43-4-38 provides:

> The seller of residential real property shall furnish to a buyer a completed copy of the disclosure statement before the buyer makes a written offer. If after delivering the disclosure statement to the buyer or the buyer's agent and prior to the date of closing for the property or the date of possession of the property, whichever comes first, the seller becomes aware of any change of material fact which would affect the disclosure statement, the seller shall furnish a written amendment disclosing the change of material fact.

4. In defining the scope of Morgan's duty, the court instructed the jury that

> A seller of residential real estate in South Dakota has a duty to complete a real estate disclosure form that requires the seller to disclose to the purchaser the following:
>
> 1. Any title problems known to the seller at the time the seller purchased the property;
>
> 2. Disclosure of any problems relating to lot lines/boundaries, and;
>
> 3. Whether the seller is aware of any encroachments from or on adjoining property.
>
> The court also instructed the jury that to establish fraudulent concealment the Schwartzes must prove "[t]he defendant deceived the plaintiffs;" "[t]he defendant intended or had reason to expect that the plaintiffs would act upon the concealment; and;" "[t]he plaintiffs justifiably relied upon the concealment to the plaintiffs' detriment."

[¶9.] Morgan argues that the court erred when it used the disclosure requirement of SDCL 43-4-38 to conclude that she was "one who is bound to disclose" under SDCL 20-10-2(3). The court previously granted Morgan summary judgment on the Schwartzes' claim under SDCL 43-4-38. With the dismissal of this claim, Morgan contends that SDCL 43-4-38 cannot perpetuate a duty under SDCL 20-10-2(3). The Schwartzes, on the other hand, maintain that although their claim under SDCL 20-10-2(3) is separate and distinct from any claim under SDCL 43-4-38 *et seq.*, SDCL ch. 43-4 supports their argument that Morgan had a duty to disclose. They assert that despite the expiration of the statute of limitations on the SDCL 43-4-38 claim, their suit for deceit under SDCL 20-10-2(3) should not be barred.

[¶10.] Whether a duty exists is a question of law reviewed de novo. McGuire v. Curry, 2009 SD 40, ¶9, 766 NW2d 501, 505 (citations omitted). Before the adoption of SDCL 43-4-38 *et seq.*, sellers generally did not have a duty to disclose known defects in a home. Engelhart v. Kramer, 1997 SD 124, ¶20, 570 NW2d 550, 554. As we explained in *Engelhart*, "South Dakota's detailed disclosure statutes" abandoned "the doctrine of *caveat emptor* . . . in favor of full and complete disclosure of defects of which the seller is aware." *Id*; *see also* Bradley v. Kryvicky, 574 FSupp2d 210, 219-20 (DMe 2008); Mitchell v. Christensen, 31 P3d 572, 574-75 (Utah 2001). Now sellers of residential property in South Dakota can be liable for their failure to provide a disclosure statement in compliance with SDCL 43-4-37 to SDCL 43-4-44. A claim under SDCL ch. 43-4 must be brought within the applicable limitations period: six years. *See* SDCL 15-2-13. Because the Schwartzes failed to

bring their cause of action under SDCL ch. 43-4 within six years, it was properly dismissed.

[¶11.] Despite the fact that the Schwartzes' claim under SDCL 43-4-38 was dismissed, the circuit court attached the duties imposed by SDCL ch. 43-4 to the Schwartzes' fraudulent concealment claim under SDCL 20-10-2(3) in order to find that Morgan was "one who is bound to disclose[.]" This was error. The Schwartzes' right to recover for any violation of SDCL ch. 43-4 expired when they failed to bring their claim within the applicable limitations period. They cannot now affix the duties of disclosure from their expired claim to effectively revive their untimely action. To proceed on their fraudulent concealment claim under SDCL 20-10-2(3), the Schwartzes had to identify some duty owed by Morgan separate from SDCL ch. 43-4. To conclude otherwise would contravene the legislative intent that violations of the disclosure requirements of SDCL ch. 43-4 must be brought within six years. *See* SDCL 15-2-13.

[¶12.] Was there any other duty to disclose in the circumstances of this case distinct from SDCL ch. 43-4? SDCL 20-10-2(3) only imposes liability for fraudulent concealment on a person "who is bound to disclose." In *Taggart v. Ford Motor Credit Co.*, we recognized that "[t]his [C]ourt has never imposed a duty to disclose information on parties to an arm's-length business transaction, absent *an employment or fiduciary relationship.*" 462 NW2d 493, 499 (SD 1990) (emphasis added). Clearly there was no employment or fiduciary relationship here. Nonetheless, in *Ducheneaux v. Miller*, we relied on Restatement (Second) Torts section 551 to conclude that anyone, including those in arms-length transactions,

could have a duty to disclose under SDCL 20-10-2(3) "facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." 488 NW2d 902, 913 (SD 1992) (quoting Restatement (Second) Torts §551(2)(e)) (emphasis omitted).

[¶13.]        The requirement in the Restatement that one disclose facts basic to the transaction also demands that before imposing a duty there must be evidence that the information not disclosed was something not discoverable by reasonable care. Restatement (Second) Torts §551; *see also Mitchell*, 31 P3d at 575. "The defendant may reasonably expect the plaintiff to make his own investigation, draw his own conclusions and protect himself." Restatement (Second) Torts §551(2)(e)(cmt k); *see also* Bradley, 574 FSupp2d at 220. Moreover, the Restatement suggests limiting the "facts basic to the transaction" analysis to circumstances "in which the advantage taken of the plaintiff's ignorance is so shocking to the ethical sense of the community, and is so extreme and unfair, as to amount to a form of swindling, in which the plaintiff is led by appearances into a bargain that is a trap, of whose essence and substance he is unaware." Restatement (Second) Torts §551(2)(e)(cmt l).

[¶14.]        Here, there was no advantage taken of the Schwartzes' ignorance. They testified that they did not procure their own survey, but chose to rely on the survey required as part of their mortgage acquisition. The Schwartzes learned later that the survey conducted by the mortgage company did not assess whether there

were any encroachment issues. Regardless of what the survey failed to reveal, it was not Morgan's duty, beyond the requirements of SDCL ch. 43-4, to ensure the comprehensiveness of the mortgage company's survey. It was the Schwartzes responsibility to conduct a reasonable investigation to protect themselves. They could have examined the public records, which would have revealed the attempted re-plat. *See* SDCL 43-28-15 (constructive notice of instrument on subsequent purchasers). They also could have hired their own surveyor to determine if there were any encroachment issues. Essentially, the absence of a special relationship between the parties and the fact that the driveway encroachment was reasonably discoverable by the Schwartzes prevents a finding of a duty under Restatement (Second) Torts section 551. *Cf*. Deptula v. Simpson, 164 P3d 640, 645-46 (AK 2007).

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.